MATTOCKS v. THE DES MOINES INSURANCE COMPANY.

1. **Fire Insurance**: CONSENT TO OTHER INSURANCE: FORM OF. The policy in question provided that it should be void if, without permission therefor in writing *thereon*, the assured should procure other insurance on the property. *Held* that additional insurance consented to by the company in writing did not avoid the policy, even though the consent was not written upon the policy.

2. ———: WAIVER OF MORTGAGE BY AGENT. The policy provided that it should be void if the property was mortgaged. But where notice of an existing mortgage was given to the agent who took the risk, and he gave the written consent of the company that the policy should continue in force notwithstanding the mortgage, *held* that the company was bound by the waiver.

3. ———: OWNERSHIP OF PROPERTY: DELIVERY OF DEED. The policy provided that it should be void if the insured was not the owner of the property. The property had been deeded to the insured, and the deed left with another to be delivered to her, but it was not delivered till after the fire. *Held* that she was the owner.

*Appeal from Woodbury District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

FILED, MARCH 12, 1888.

ACTION on a policy of insurance against loss or damage by fire. Trial to the court, judgment for the plaintiff, and defendant appeals.

*Cole, McVey & Clark,* for appellant.

*Lawrence & Burd,* for appellee.

SEEVERS, C. J.—I. The policy provides that it "shall be void and of no effect if, without permission therefor in writing hereon, the assured shall now have, or hereafter procure, another policy of insurance, whether valid or not, on property covered, in whole or in part, by this policy."

There was additional insurance in another company, and, therefore, it is insisted that the plaintiff cannot recover. But there was evidence tending to show that an agent of the defendant was notified of such additional insurance, and that he signed a paper authorizing or permitting it. It is said that such consent was not indorsed in writing on the policy, but this we do not think was material. The permission was in writing, and the material object of the condition is that the permission shall be in writing, and, therefore, definite and certain, and so disputes as to its contents could not arise. It is further said that there was no evidence that the agent was authorized to execute the permit, but we think there was sufficient evidence to warrant the court in finding that such agent had the requisite authority.

II. Another condition of the policy provides that it should be void if the property insured was mortgaged or otherwise incumbered. The evidence shows that there were four mortgages on the property, as shown by the records, but it shows that there was but one which was in force. There was evidence tending to show that notice of such mortgage was given to the agent who insured, or wrote the policy, and that he gave the written consent of the company that the policy should continue in force notwithstanding the mortgage. The court was warranted ⌐ in so finding, under the evidence.

2. —— : waiver of mortgage by agent.

III. Another condition of the policy provides that it shall be void unless the insured was the unconditional owner of the property. There was evidence tending to show that the property was owned by one Williams ; that he conveyed it to the plaintiff in 1883, and that the deed was left with one Cleland to deliver to her, but she did not receive it until after the fire. We think this sufficiently shows that the plaintiff was the owner of the property. The delivery to Cleland was for her use and benefit, and vested the title in her ; at least, the court was warranted in so finding.

3. OWNERSHIP of property: delivery of deed.

IV. Another condition of the policy provides that

fraud or false swearing, misrepresentation or conceal-
ment of a material fact renders it void. In our opinion,
there is not a particle of evidence tending to show that
this condition was violated.

AFFIRMED.