### AMERICAN CENT. INS. CO. v. HARDIN et al.

(Court of Civil Appeals of Texas. Dallas. Nov. 23, 1912. Rehearing Denied Dec. 21, 1912.)

1. APPEAL AND ERROR (§ 1040*)—HARMLESS ERROR—OVERRULING SPECIAL DEMURRERS.

In an action on a fire insurance policy, error, if any, in overruling special demurrers to those parts of plaintiff's petition relating to what the insurer's agent told him about taking an inventory, and to the taking of additional insurance, was harmless, in view of evidence showing that there was a substantial compliance with the iron-safe clause of the policy, and that the agent authorized the taking of additional insurance or knew thereof before the loss, and had made no objection.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4089–4105; Dec. Dig. § 1040.*]

2. INSURANCE (§ 335*)—FORFEITURE—CONDITIONS SUBSEQUENT—KEEPING BOOKS AND INVENTORY.

Where insured had kept all the invoices of merchandise purchased by him and a book of entry in which he entered all sales on credit and all cash receipts from sales, from which the amount of goods on hand at the time of loss could be approximately established, in substantial compliance with the iron-safe clause, he was entitled to recover.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 853; Dec. Dig. § 335.*]

3. INSURANCE (§ 384*)—ESTOPPEL—DELIVERY OF POLICY—CONDITION AGAINST OTHER INSURANCE.

An insurer whose agent consented in advance to the taking out of additional insurance and issued a slip showing such agreement was estopped from setting up such additional insurance as a forfeiture of the policy; and, in view of the agent's knowledge, the fact that such slip was not attached to the policy until after the loss was immaterial.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1019; Dec. Dig. § 384.*]

Appeal from District Court, Rockwall County; F. L. Hawkins, Judge.

Action by A. P. Hardin and others against the American Central Insurance Company,

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

in which Sanger Bros. filed a plea of intervention. Judgment for plaintiffs, and defendant appeals. Affirmed.

E. G. Senter, of Dallas, for appellant. T. B. Ridgell, of Rockwall, for appellees.

RAINEY, C. J. Appellee sued appellant to recover upon a policy of fire insurance for the sum of $1,000, covering $150 on store and office furniture and fixtures and $850 on a stock of merchandise contained in plaintiff's store at Fate, Tex. The policy was attached to the petition, and made a part thereof. It contained the usual warranty clauses, among which was the "iron-safe" clause, and also a clause against coinsurance, unless agreed to in writing and attached to the policy. The petition, among other things, alleged: "That at the time the policy was issued plaintiff had just purchased the stock of goods, and had the original invoices of purchase, and that the agent of defendant, Murphy, agreed within a few days after the policy was issued and before ten days after its date that the said invoices would suffice and be accepted in lieu of an inventory, and, though the policies provide that an inventory should be taken in thirty days, that such invoice should not be required, and was not necessary, and that plaintiff need not take any further inventory than to keep and preserve his invoices of purchase which he then had and which the plaintiff knew; that it was contracted and agreed after the policy was issued and at divers times, and within not less than five or ten days from the date of the policy, that such invoices of purchase would be accepted by the defendant, and no further inventory would be required within thirty days; that plaintiff has invoices, books, and records showing cash and credit sales, and showing his entire business transactions and has same in an iron safe, and that, immediately after the fire, he exhibited the same to the defendant's agent and adjuster, and same was accepted as an inventory and proof of loss by defendant; that, after the issuance of the policy, the plaintiff took out other insurance on his stock of goods with the St. Paul Fire & Marine Insurance Company, which additional insurance was with the consent of the defendant; that plaintiff thereafter took out a policy on his goods in the National Underwriters, with the consent and knowledge of the defendant, and, after having obtained permission of the defendant to do so, in the amount of $1,250 on said stock and $250 on said building; that plaintiff and defendant's agent had several conversations in plaintiff's store and in a bank during August, September, and up to October 9, 1911, in reference to plaintiff needing additional insurance, and that Murphy, the agent of defendant, agreed that plaintiff should take out $1,500 insurance on his goods and $250 on

his building; that about October 9, 1911, plaintiff told Murphy, the agent of defendant, that he was going to take out a policy of insurance in the National Underwriters, and that he was to take out $1,250 insurance on the stock of goods and $250 on his building, and the defendant, through said agent, agreed that plaintiff was entitled to same and could take out the same, and plaintiff, acting under said agreement, did take out said policy with the National Underwriters, and at the time informed said Murphy that he had taken out same, and said agent agreed and acquiesced in the same, and defendant thereafter, with said knowledge and agreement, permitted the policy to remain in force; that defendant after said policy of the National Underwriters was delivered and taken out knew of the policy, in that defendant knew that plaintiff had paid the premium for same with two checks, the defendant's agent seeing the checks and knowing their purpose, and that they still permitted the policy to remain in force; that defendant's said agent agreed in writing to said insurance, and prepared what is known as a binder to be attached to the policy, which binder agreed to the additional insurance; that said binder was prepared on October 16, 1911, and was not attached to the policy until thereafter, as the result of mistake and oversight."

Defendant answered by special demurrers, general denial and specially, that Murphy, the local agent, was without authority to make any contract for additional insurance or other than to issue its contracts of insurance upon the forms provided therefor, as shown in the policy sued on; (2) that plaintiff had failed to comply with the "iron-safe" clause; (3) that other or additional insurance on said property had been procured by plaintiff, which avoided the contract; (4) that plaintiff was insolvent and the taking of other insurance with Murphy's consent was done in fraud of defendant's rights for the benefit of the First State Bank of Fate, for which Murphy was the cashier and manager, and to which plaintiff was indebted. This plea was duly verified by affidavit. Plaintiff filed a supplemental petition, alleging an estoppel and waiver as to the additional insurance and failure to make an inventory, because Murphy had consented thereto, and had executed a written "binder" to be attached to said policy authorizing said additional insurance, which binder was so attached, and that defendant allowed said policy to remain in force. Sanger Bros. filed a plea of intervention, alleging that, after the fire, the plaintiff had assigned the policy to them to secure his indebtedness to them, etc.

The trial court overruled all exceptions of defendant, and, after hearing the evidence, submitted the case to the jury on special issues, and upon the return of the jury's an-

swers thereto rendered judgment for the plaintiff, and the defendant appeals.

### Conclusions of Fact.

We conclude that T. C. Murphy was the agent of appellant at Fate, Tex., with authority to solicit insurance, countersign and issue policies, and as such agent issued to appellee the policy sued on herein, and which policy contains the terms and stipulations as shown by the petition of plaintiff and answer of defendant. No inventory of the merchandise insured was taken by plaintiff, but he had on hand the original invoices of the merchandise purchased by him, and no inventory was taken for the reason that Murphy, the agent of defendant, told him it was not necessary to do so, as the invoices would answer every purpose. Plaintiff kept a book in which he recorded his cash and credit sales. From this book and the invoices on hand could be substantially ascertained the amount of goods plaintiff had on hand at the time of the fire, which amount the jury found to be $4,103.98. With the consent of T. C. Murphy plaintiff secured additional insurance on the merchandise. Murphy knew of the taking of said additional insurance, and gave plaintiff a written slip authorizing such insurance, which slip was to be placed on the policy, but said slip was not attached to the policy until after the fire.

### Conclusions of Law.

[1] (1) The overruling of defendant's special demurrer to that portion of plaintiff's petition relating to what Murphy told him about taking an inventory, if error, becomes harmless in view of the testimony which shows that there was a substantial compliance with the "iron-safe" clause of the policy of insurance.

(2) The overruling of defendant's special demurrer to that portion of plaintiff's petition relating to the taking of additional insurance by plaintiff also becomes immaterial as the evidence shows that Murphy, defendant's agent, authorized the taking thereof, or knew thereof, before the fire, and made no objection.

[2] (3) Appellee had been in business less than 12 months, and the jury found that he had kept all the invoices of the merchandise purchased and a book of entry in which was entered all sales made on a credit and an entry of all the cash taken in on sales of merchandise. These invoices and this book of entry were produced by appellee, and from which the amount of goods on hand at the date of the fire could be approximately established. The jury also found that the keeping of such invoices and book of entry was a substantial compliance with the terms of the policy relative to the "iron-safe" clause. The evidence warranted this finding of the jury, and the rendering of the

judgment of the court. Fire Ass'n v. Masterson, 83 S. W. 49, and authorities cited; Insurance Co. v. Andrews, 40 Tex. Civ. App. 184, 89 S. W. 419.

[3] (4) The appellant is estopped from setting up as a forfeit of the policy the taking out of additional insurance on said merchandise, for T. C. Murphy, its agent, consented to and knew of the taking out of said additional insurance by plaintiff before it was done, and, as provided by the policy, agreed to same, and issued a slip showing such agreement. That such slip was not attached to the policy until after the fire becomes immaterial in view of the knowledge of Murphy, appellant's agent. Insurance Co. v. Smith, 135 S. W. 688.

(5) We find no material error in the record, and the judgment is affirmed.