**EMERY et al. v. EMERY.**

No. 11766.

Court of Civil Appeals of Texas. Dallas.
Sept. 15, 1934.

Rehearing Denied Nov. 3, 1934.

See, also, 70 S.W.(2d) 238.

726

Geo. K. Holland and Spafford & Spafford, all of Dallas, for appellants.

A. C. Scurlock, M. M. Crane, Jr., and Morris Chertkov, all of Dallas, for appellee.

BOND, Justice.

This suit was instituted by Edgar Emery, as plaintiff, against Eva K. Emery, individually and as guardian of the estate of her husband, Cid Emery, non compos mentis, and Cid Emery, as defendants, to establish title to land and for specific performance of a parol contract entered into, on or about August 3, 1927, between the plaintiff and Cid Emery, then of sound mind, which contract, in essence, provided that Cid Emery shall purchase for and deliver possession to Edgar Emery a certain tract of land, known as lot No. 16, in block 26/1064, in the city of Dallas, Tex., for the sum of $3,500, and that, on payment by Edgar Emery of a like sum, in monthly installments of $41, Cid Emery would by warranty deed convey or cause to be conveyed to Edgar Emery said premises.

Plaintiff alleges in his petition that on August 5, 1927, pursuant to a parol agreement, Cid Emery purchased the above property from E. C. McMillan and wife, acquired title thereto, as trustee, for plaintiff, had his own name put in the deed as grantee, and immediately thereafter delivered possession thereof to plaintiff and his wife, who have ever since that time remained in possession, using and occupying it as their home; that, with full knowledge of Cid Emery, plaintiff made valuable and permanent improvements on the premises, of the reasonable value in excess of $1,000, and, from August 15, 1927, to June 1, 1932, from his separate funds, received from the United States government as compensation for injuries sustained by him during the World War Edgar Emery has paid to Cid Emery all of the installments, aggregating the sum of $2,378.

Plaintiff further alleges that, on June 1, 1932, Cid Emery became mentally incapacitated to transact his own business, and by the county court of Dallas county was adjudged an incompetent, and his wife, Eva K. Emery, appointed guardian of his estate; that thereafter, the said Eva K. Emery, for herself and ward, repudiated the parol contract theretofore existing between Cid Emery and Edgar Emery, and declined to recognize the agreement, refusing to carry out the terms thereof and accept payment of the balance due thereunder, and induced plaintiff to consult her attorney, George K. Holland, as to his legal rights under such contract.

Plaintiff further alleges that the defendant Eva K. Emery and her said attorney, in whom plaintiff had the utmost faith and confidence, advised him that unless the agreement between him and Cid Emery was in writing, the same was and would be unenforceable, and that no rights exist under the parol agreement and that the moneys theretofore paid by plaintiff to Cid Emery would be construed as rents only. Plaintiff, being unversed in law, not knowing his legal rights, feeling secure on the legal advice thus given by the attorney, and relying implicitly on said statement, entered into a contract in writing with Eva K. Emery, in which is recited the sale and purchase of said property by him on the payment of $2,000, with interest, payable in installments of $41, and for the payment of all taxes and insurance.

Plaintiff further alleges that, in pursuance to the said written contract, he continued possession of the property, and, wholly in ignorance of his legal rights under the initial contract of purchase of the land, paid ten of the installments as they became due; that on being advised of his legal rights under the parol agreement, he declined to further carry out the terms of the written contract, and claims the amount due and unpaid on the purchase of the land to be the sum of $712, which amount he is now and at all times has been willing to pay.

Plaintiff prayed for the establishment of his equitable title to the property, the enforcement of the terms of the verbal contract, and the cancellation of the subsequent written agreement.

The defendants' answer traversed the averments of plaintiff's petition, urged special and general demurrers, specially denied the existence of the alleged parol agreement, and pleaded that the alleged oral contract was invalid and unenforceable, by reason of the requirements of our statute of frauds, and that such a parol sale is wholly insufficient to constitute such a right as would control the character of the title to said land or the enforcement of its terms, and that plaintiff is estopped by reason of the subsequent written agreement, its attempted performance and ultimate breach by plaintiff, and prays for the title and possession of the property in controversy.

The court overruled defendants' demurrers, submitted the case to a jury, and, in response to special issues, the jury made the following findings: (1) That at the time Cid Emery purchased the property, he had made a verbal agreement with Edgar Emery to sell and convey to him said property; (2) that the

terms of the verbal contract were that Cid Emery would purchase the property in controversy for a consideration of $3,500, deliver possession thereof to Edgar Emery, and that on payment by Edgar Emery of the $3,500, in monthly installments of $41, Cid Emery would thereupon convey said property to Edgar Emery by warranty deed; (3) that in pursuance to said agreement, Edgar Emery went into possession of the property and up to and including June 1, 1932, paid to Cid Emery the installment payments, amounting to the sum of $2,378; (4) that on June 1, 1932, Eva K. Emery stated, in substance, to Edgar Emery, that he theretofore had been paying the installments as rents for said property, and that in the future payments would not be received and applied as purchase money on a verbal contract; (5) that prior to the execution of the written contract, June 27, 1932, George K. Holland, attorney for Eva K. Emery and Cid Emery, stated to Edgar Emery, in substance, that unless the contract was in writing, he, Edgar Emery, had no enforceable rights in the property; (6) that Edgar Emery relied on the statements of Eva K. Emery and George K. Holland, and, so relying, executed a written contract with Eva K. Emery for the sale and purchase of the property, and that Edgar Emery would not have executed the written contract but for the said statement of George K. Holland; (7) that on or about June 27, 1932, the date of the written contract, Edgar Emery was ready, able, and willing to pay the installment then due under the verbal contract, and, being then advised by legal counsel that the verbal contract was enforceable, he repudiated the written agreement; (8) that Edgar Emery, after taking possession, with the knowledge and consent of Cid Emery, made permanent, valuable, and substantial improvements on the property.

In addition to the findings of the jury, the court in its judgment found that subsequent to June 27, 1932, the date of the written contract, Edgar Emery paid to Eva K. Emery, guardian, the sum of $410, and to a receiver, appointed by the court, the sum of $65, making a total payment on the initial consideration for the property the sum of $2,853, and that prior to the institution of the suit and by letter of date April 11, 1933, Edgar Emery offered to pay to the defendants the unpaid balance under the verbal contract, which offer was by the defendants refused.

On such pleadings and findings, the court entered judgment, vacating as a binding obligation on Edgar Emery, the written contract of date June 27, 1932, decreeing the enforcement of the parol contract dated August 3, 1927, and vesting legal title to the property in Edgar Emery, on payment of the sum of $647 within ninety days, securing its payment by lien on the property.

We think the findings of the court and jury are fully supported by substantial evidence, and, in fact, except as to the finding anent to the written contract, the evidence is undisputed, and are all adopted as the findings of fact by this court in respect to the issues submitted.

Appellants contend that plaintiff's petition and evidence do not relieve the parol contract from the inhibition of the statute of frauds, thus rendering it unenforceable; that the subsequent written agreement partially performed, and its ultimate repudiation and refusal to complete performance thereunder amounts to an estoppel of plaintiff's assertion of title and his claimed rights under the recited initial parol agreement for the sale and purchase of the property. Appellants have duly raised, by proper assignments, the questions herein discussed.

The evidence on which the findings are based show that Cid Emery, in whom the record title to the land in controversy was vested, did not purchase the land for himself, that he was not interested in its purchase except for the filial relation he had for his son, Edgar Emery, to aid him in securing for himself and wife a home and to encourage him in the saving of his income. Bearing upon these findings is the following potent testimony: E. C. McMillan, the grantor in the deed to Cid Emery, stated that Cid Emery, prior to the purchase, inspected the property for his son Edgar, told him that he was not interested in the purchase of the place for himself, and, quoting, "that he was buying it for his son and will 'fetch'-him out and if it suits him I will take it." Also, Mrs. E. C. McMillan testified that, quoting, "Mr. Cid Emery looked the place over, came back * * * and said: 'Now this place is not for myself, I am not buying it for myself because I have got a home, I am buying it for my son and if it suits his wife and him, the place is sold, otherwise, I won't be interested';" and, further, a Mr. Brent testified, in substance, that in August, 1927, he was the agent for the sale of the property then belonging to Mr. and Mrs. McMillan, that Cid Emery came to him in reference to buying it, and, during the negotiation leading up to the purchase of the property, Cid Emery executed a written contract for the sale and purchase, in which contract recitation is made that Edgar Emery was the purchaser, that

Cid Emery afterwards stated to him, "I am giving you this check for $100, and you had better put in there (the contract) Edgar Emery and Cid Emery," thus, at his suggestion, Cid Emery's name was thereafter put into the contract as purchaser with Edgar Emery. Furthermore, plaintiff introduced in evidence the original contract signed by Cid Emery and the McMillans, in which is recited that Edgar Emery and Cid Emery were the purchasers of the property.

Continuing the evidence, a Mr. Bramlett testified that he was a carpenter, and, while working on the home of Edgar Emery, building an addition to the house, Cid Emery stated to him that he was selling the property to his son Edgar Emery. Also, Paul Emery, a son of Cid Emery, testified, quoting, "that plaintiff Edgar Emery was not in reality a son of Cid Emery, that he was a foundling, placed on his father's doorstep when about two or three days of age; that his father and mother raised him, treated him as one of their children and looked upon him as their child; that there was no difference shown in his father's treatment of Edgar and himself; that Edgar was raised to manhood under the belief that he was Cid Emery's own son. In 1917, Edgar Emery went to the World War as a soldier in the United States army, and in 1918, when about 17 or 18 years of age, and a single man, he was injured, and on account thereof was allotted by the United States government a pension of $41 per month. In 1927, his father, Cid Emery, told him, in the presence of Edgar, that he bought the property for Edgar, and that the property was purchased for him as a home, and that the payment for this home would help him to get steady and settle down and teach him thrift, and that he wanted him to do that, and that it was so that it would provide for Edgar in some manner; that he was to reimburse him in a government check that he was receiving monthly from the government, approximately $41 per month; that Edgar was to reimburse the $3,-500 that he advanced for the place, that the place was purchased for him to pay out with the $41 pension check."

In addition to appellee's testimony, as recited above, appellant Mrs. Eva K. Emery testified "that prior to June, 1932, when the written contract was executed by Edgar Emery, Edgar Emery had paid to Cid Emery the $41 per month on the place, and since that time she had received the checks." Edgar Emery testified as to the valuable and permanent improvements placed on the land to the amount of more than $1,000, and to his occupancy since its purchase. His testimony is corroborated by that of his wife.

■ Our statute of frauds is, article 3995, R. S. 1925, and reads: "No action shall be brought in any court in any of the following cases, unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereunto lawfully authorized: (Sections 1, 2 and 3, have no application here.)

"4. Upon any contract for the sale of real estate or the lease thereof for a longer term than one year; or,

"5. Upon any agreement which is not to be performed within the space of one year from the making thereof."

Courts of equity, however, have grafted on to this statute an exception and allowed a valid oral sale of land and relieved it from the operation of the statute when it is shown that the oral sale of the land was made; that in pursuance to such sale, the consideration was paid; that the possession of the land was surrendered to the vendee; and that such possession was followed by the making by the vendee of valuable and permanent improvements, with the knowledge and consent of the vendor.

In the case of Hooks v. Bridgewater, 111 Tex. 122, 229 S. W. 1114, 1116, 15 A. L. R. 216, our Supreme Court, in pronouncing the rule, said: "From an early time it has been the rule of this court, steadily adhered to, that to relieve a parol sale of land from the operation of the statute of frauds, three things were necessary: 1. Payment of the consideration, whether it be in money or services. 2. Possession by the vendee. And 3. The making by the vendee of valuable and permanent improvements upon the land with the consent of the vendor; or, without such improvements, the presence of such facts as would make the transaction a fraud upon the purchaser if it were not enforced. Payment of the consideration, though it be a payment in full, is not sufficient. This has been the law since Garner v. Stubblefield, 5 Tex. 552. Nor is possession of the premises by the vendee. Ann Berta Lodge v. Leverton, 42 Tex. 18. Each of these three elements is indispensable, and they must all exist."

■ We think the grafted exception, allowing oral sale of land under the principles of equity, finds lodgment in this record most forcibly to avoid the very thing for which the statute of frauds was enacted. The equities of the case are such as to take the grantee

out of the statute. The whole record reveals conclusively, in our opinion, that the agreement was made between Cid Emery and Edgar Emery, that each of the parties consistently relied thereupon and in the utmost good faith fully performed the reciprocal obligations imposed upon him therein until Cid Emery became mentally incapacitated, and the payment to his guardian of $41 per month was continued until practically the entire consideration was paid, with offer of payment of the balance which was by the guardian refused and the contract repudiated. We think the offer to pay the comparatively small balance on the consideration and its refusal tantamount to a full compliance with the contract for the payment of the consideration, thus we have every prerequisite shown to bring this case under the rule. We believe that appellee, fully performing his obligations, going into possession, making valuable and permanent improvements on the property, tendering the small balance due on the consideration, and appellants effectually repudiating the contract, refusing to complete performance thereunder, would, if the contract was not enforced by a court of equity, amount to fraud, which the courts will not sanction.

■ But, aside from the technical question of the applicability of the statute of frauds, it is the settled law of this state that, under pleadings and evidence as revealed in this record, the equitable title to the land vested at the beginning in Edgar Emery. The land was purchased for him and for his benefit alone. He was placed in possession and made the necessary improvements required in such cases to vest him with title. The fact that the entire purchase price was paid by Cid Emery, in whom record title to the land was taken, and that Edgar Emery did not pay the consideration until a subsequent date, in no way affected his title to the land. A very similar question was involved in the case of Sanders v. Sfinnette (Tex. Civ. App.) 73 S.W. (2d) 637, 639, in which this court held that the controlling question in such cases is, "Was the land purchased and title taken in pursuance of a parol agreement that all were to share in the land?" If so, then the withholding of the record title, pending the payment of an obligation, is merely evidencing a trust on the land, establishing the grantee as trustee, holding the record title in his favor pending the payment of the consideration advanced by him.

In the case of Gardner v. Randell, 70 Tex. 453, 7 S. W. 781, our Supreme Court, in speaking on a similar situation, held that:

"An agreement between two or more persons for the joint acquisition of land is not, within the meaning of the statute of frauds, a contract for the sale of land which, to be valid, must be in writing. Such a contract is neither prohibited by common or statute law, and when under such a contract the purchase is effected by one of the parties, and the deed is taken in his name, he holds in trust for his associates in the parol agreement, whether he advances only his proportion of the purchase money, or pays from his individual means the entire price under a parol agreement to be reimbursed by them at a future time. Such a trust is not a resulting trust, the latter being that trust which the law creates in favor of one who has furnished the entire purchase money by which title has been taken in the name of another."

We think, in the instant case, the equitable title vested in Edgar Emery at the time of purchase.

■ Appellant further contends that the pleadings and evidence preclude appellee's recovery on the parol contract and trust agreement, by virtue of the subsequent written contract, its partial performance, and its effectual repudiation, thus he is estopped to assert any rights under the alleged parol agreement. We do not think so.

It appears from the record that prior to the execution of the written contract, appellee had paid a substantial portion of the consideration, and before the institution of this suit offered to pay the balance of the consideration on the initial parol agreement for the sale and purchase of the property in question, which proffer appellants refused; that appellant Eva K. Emery and her attorney, George K. Holland, told appellee, in substance, that the parol contract of sale and purchase was invalid and unenforceable under the statute of frauds, and the installment payments would be construed as rents for the property; that George K. Holland was a lawyer, and, relying on what he said, appellee, not being a lawyer, executed the written contract, and attempted to carry out its terms by paying the consideration stated therein; that he was ignorant of his legal rights under the parol agreement, and, being very poorly informed, he sought advice as to his rights thereunder, culminating in the institution of this suit.

We are of the opinion that the representation made by appellant Eva K. Emery and her attorney, that the parol contract was "illegal, void and unenforcible," was not equally open to both parties. The statement

related to an existing fact and not merely an opinion as to which both parties had equal means of information. The test to be applied in determining whether an opinion in a given case is a representation of a fact is stated as follows in 1 Black on Rescission and Cancellation, par. 77:

"If the representation is as to a matter not equally open to both parties it may be said to be a statement of fact as such; but if it is as to a matter that rests merely in the judgment of the person making it, and the means of deriving information upon which a fair judgment can be predicated are equally open to both parties, and there is no artifice or fraud used to prevent the person to be affected thereby from making an examination and forming a judgment in reference to the matter for himself, the representation is a mere expression of opinion."

We think, when that test is applied in the instant case, in the light of the testimony that the lawyer, whom appellants induced appellee to consult, in making the statement to him that the parol contract for the sale and purchase of the land was illegal and unenforceable, was not as to a matter equally open to Edgar Emery and to Holland. The latter was a lawyer and knew; appellee knew nothing of his legal status. The opinion was based on knowledge of the law, which Edgar Emery did not possess and did not acquire except from his own lawyer at the time of the institution of this litigation. It is true the record reveals that Edgar Emery sought information and advice from others, members of the Emery family, prior to the execution of the written contract, and was by them told to execute it, in view of a sound policy to settle an existing dispute between him and Eva K. Emery. They, however, did not advise him of his legal rights, as they were not lawyers. Under such circumstances, we are of the opinion that appellee was not estopped by the execution and partial performance of the written contract.

█ Appellants have raised, by proper assignments, that, under article 3716, R. S. 1925, Edgar Emery and his wife were precluded from testifying as to transactions with and statements made by Cid Emery, he being at the time a non compos mentis and a ward of the guardian, Eva K. Emery, who is a party to this suit.

The record shows that the trial court consistently sustained appellants' objection to the testimony of Edgar Emery, and excluded it until appellants brought out on cross-examination of the witness that he had not rendered the property in controversy for taxes, or paid taxes thereon, and that he had paid no insurance on it since the date of the alleged parol contract. We think this testimony on cross-examination was material and relevant on the issues of whether the parol contract ever existed, and whether the witness ever asserted ownership or any claim or right in the property. If he had not rendered the property, paid taxes or insurance for his own protection, leaving this to be done by Cid Emery, without an explanation, would evidently carry to the court and jury a hurtful and damaging presumption on the vital issues in this case. Recognizing the force of such testimony and the provisional statutory exception that "neither party shall be allowed to ·testify against the others as to any transaction with, or statement by, the * * * ward, unless called to testify thereto by the opposite party," the court permitted the witness to give in evidence, on redirect examination, the reasons why he did not render and pay taxes and insure the property, in that, the parol agreement, in issue, provided that such was to be done by his father, Cid Emery, thus calling in question the details of the parol agreement to throw light on the testimony of the witness brought out on cross-examination by appellants. We think in this there was no error.

█ On the question of appellee's wife being precluded from testifying as to transaction had by her husband with the ward, Cid Emery, under the above prohibitive statute, we think there is presented no reversible error. Her testimony at most is merely cumulative of that of her husband, and, in view of appellant having called on cross-examination his testimony, giving rise to elicit the evidence by him, otherwise prohibited by statute, the testimony of the wife whether offered before or after that of her husband, in our opinion, is not such error as to warrant this court to reverse this case. In the light of all of the probative evidence which sustains the verdict of the jury on the parol contract of sale and purchase, there is no contradiction. It stands unimpeached, and aside from the blended testimony of appellee and his wife, no other verdict could have been rendered.

We have reviewed all of appellants' assignments, and, finding no reversible error, the judgment of the lower court is affirmed.

Affirmed.

## On Motion for Rehearing.

On appellants' motion for rehearing, our attention has been called to some inaccurate,

though unimportant, statements in reciting the pleadings and findings in our original opinion, which, in the main, arose out of the fact that the record on appeal contains abandoned pleadings from which certain dates and blended averments were incorporated into the opinion which are not reflected in the record and subsequent pleadings. We have corrected our opinion to conform to the record as we interpret it.

■ Appellants challenge, among other things, our conclusion that the statements of appellant Eva K. Emery and George K. Holland, attorney, to Edgar Emery, in effect, that the verbal contract in question and the acts of the parties thereunder were invalid and unenforceable under our statutes of fraud which induced Edgar Emery to enter into a written contract and partially performing its terms by paying ten installments of $41 each, were not, as we determined, equally open to Edgar Emery and to the attorney Holland, and the statements were such as to vitiate the subsequent written agreement.

We do not wish to be understood that the statements were made as an artifice or fraud used by the relators to induce Edgar Emery to execute the written agreement, and we do not think it is necessary to so hold. The statements, as found by the jury, were the inducing cause of Edgar Emery to execute the written contract, and, if the relators construed the parol agreement and the acts of the parties thereunder as affording no valid and enforceable contract, under a misapprehension of the legal effect of the transaction, and Edgar Emery accepted the attorney's misconception of the law, surrendered valuable rights detrimental to his interests in ignorance of his legal rights, and, on account thereof, executed the written contract to his hurt, the written contract under such circumstances should be set aside on the theory of mutual mistake. A mistake of law uttered by an attorney, who possesses a more superior knowledge of the law than the party acting thereunder, regardless of how unintentionally misleading it may have been made, should not be permitted by a court of equity to ripen into a gain by the party he represents.

■ We may well assume that the attorney was honest in his belief and without any intention of misleading Edgar Emery, in stating to him that he had no legal rights arising out of the parol agreement, the basis of which Cid Emery, the other contracting party, purchased the real estate involved in this suit as trustee for Edgar Emery, acquired the legal title by deed in his own name, paid the consideration therefor with the expressed understanding that the beneficiary, Edgar Emery, would subsequently pay him back, placed Edgar Emery in possession of the premises, who, with the knowledge and consent of the trustee, made valuable and permanent improvements thereon, and paid practically the entire consideration to the trustee; and, furthermore, Edgar Emery, in ignorance of the legal scope of the transaction, in good faith, accepted the version placed on the transaction by the lawyer, a member of the Emery family, in whom he had the utmost confidence as to his honesty, judgment, and legal attainment, executed the subsequent written contract. Under the pleadings, reciting the facts surrounding its execution, which is supported by evidence and the findings of the jury, we think the judgment of the lower court, canceling the written contract, should be affirmed, basing our conclusion, aside from what has been said in our original opinion, under the doctrine of mutual mistake of the parties. The mistake with respect to Edgar Emery's legal rights borders on a mistake of fact. Under such circumstances, equity will grant relief on account of the mistake, defensive or affirmative. Smith v. Jones (Tex. Civ. App.) 192 S. W. 795; Holt v. Gordon (Tex. Civ. App.) 176 S. W. 902; West v. West, 9 Tex. Civ. App. 475, 29 S. W. 242. In situations of this kind, our courts have cited with approval the following principle formulated in 2 Pomeroy's Equity Jurisprudence (4th Ed.), par. 849:

"Whenever a person is ignorant or mistaken with respect to his own antecedent and existing private legal rights, interests, estates, duties, liabilities, or other relations, either of property or contract or personal status, and enters into some transaction the legal scope and operation of which he correctly apprehends and understands, for the purpose of affecting such assumed rights, interests, or relations, or of carrying out such assumed duties or liabilities, equity will grant its relief, defensive or affirmative, treating the mistake as analogous to, if not identical with, a mistake of fact."

We see no reason to change our conclusion reached in the original opinion. Appellants' motion for rehearing is overruled.

Motion overruled.