**Arnold RADOFF and Michael Radoff, Appellants,**

v.

**UTICA MUTUAL INSURANCE CO., et al., Appellees.**

**No. 18334.**

Court of Civil Appeals of Texas, Dallas.

April 25, 1974.

Rehearing Denied May 16, 1974.

**152**

Robert M. Warner, Zimring & Warner, Dallas, for appellants.

David R. Noteware, Emily A. Parker, Thompson, Knight, Simmons & Bullion, Larry L. Gollaher, Michael R. Knox, Thompson, Coe, Cousins, Irons & Porter, Dallas, for appellees.

BATEMAN, Justice.

Arnold Radoff and his son Michael Radoff sued Utica Mutual Insurance Company, herein called Utica, and its agent Andrew J. Rogers, Jr., d/b/a Metro Insurance Services. The suit is against Utica on a Family Combination Automobile Policy and, alternatively, against Rogers for misrepresenting the coverage afforded by the policy. Utica filed a cross-claim against Rogers to recover any amount the Radoffs might recover against it. The trial court, sitting without a jury, denied the plaintiffs' suit as well as the cross-claim, and the plaintiffs appeal. We affirm.

It appears from the stipulations of the parties and the undisputed evidence that the policy was issued to the appellant Arnold Radoff on an application which stated that the only driver under the age of twenty-five would be his daughter Linda Ruth Radoff. The policy covered the period of one year from May 25, 1970. After issuance of the policy, and about July 1, 1970, Michael Radoff obtained his learner's permit to drive. Upon being notified of this fact, Utica issued three endorsements to be attached to the policy, viz.:

(1) Form 208, "Student's Restrictive Endorsement," effective July 6, 1970,

providing that "[I]n consideration of the premium at which this policy is written, it is agreed that no insurance is afforded under this policy to any student other than . . ." Linda Ruth Radoff and Michael Radoff.

(2) Form 204, "General Coverage Amendment Endorsement," effective July 20, 1970, providing that in consideration of the additional premium of $117 the policy is amended to add a class 2A driver, which is a male operator with a regular license under the age of 25 years, who is either married or not an owner or principal operator of the automobile.

(3) Form 119A, "Exclusion of Named Driver—Limited," effective July 20, 1970, excluding coverage as to claims "arising from accidents which occur while any automobile is being operated by Michael Radoff unless accompanied by . . ." Arnold Radoff or his spouse.

These endorsements were sent to Arnold Radoff by Rogers' employee Joyce (Pat) Jones, with a letter dated August 27, 1970, as follows:

Enclosed are the endorsements to attach to this policy to give your son, Michael, coverage while driving. We had hoped to not have to charge additional for his driving until the policy was renewed but the Company insists that he has to be charged this premium if he is to drive at all. He still will have coverage only if you or Mrs. Radoff are in the car with him while he is driving with a learner's permit.

Arnold Radoff signed endorsement 119A and it was attached to the policy. He also paid the additional premium of $117 mentioned in endorsement 204. Michael was at all pertinent times a resident of Arnold Radoff's household. He obtained his regular driver's license on November 16, 1970. The collision occurred on November 26, 1970. Michael was driving the car, not accompanied by either Arnold Radoff or his spouse, and became liable for damages as a result of his negligence.

Appellants contend that endorsement 119A, denying coverage to Michael unless accompanied by Mr. or Mrs. Arnold Radoff, was void for lack of consideration and, alternatively, that it was modified, altered or waived by the local recording agent for Utica by the said letter dated August 27, 1970. They further contend that Utica was estopped from denying liability because of appellants' reliance upon the said letter, which led them to believe that the endorsement would be effective only as long as Michael was operating under a learner's permit, i. e., that it automatically became ineffective when he secured his permanent driver's license.

In its findings of fact the court stated that there was consideration for the several endorsements affecting Michael Radoff's coverage.[1] The court filed conclusions of law in which it stated that endorsement 119A was in force at the time of the collision, and that Michael was not covered by the policy and was not entitled to a defense or to payment of any judgment against him. The court further concluded that Utica was not estopped from denying liability and that Andrew J. Rog-

---

1. Our summary of the trial court's material findings of fact is as follows:

When coverage for Michael Radoff was added by endorsement 204, the limitation of endorsement 119A was also added. There was supporting consideration for both of these additions.

Endorsement 119A is not ambiguous or vague, it was in force at the time of the accident, and by its terms it precluded coverage under the circumstances of this accident.

The agent's letter of August 27, 1970, is unambiguous and is correct in its statement of coverage on that date. This letter was not intended by the parties to create, nor did it have the effect of creating, a new contract of insurance or of modifying the written endorsements in any manner. There was no representation by the defendants that Michael Radoff would have full coverage or that endorsement 119A would not be effective once he obtained his regular driver's license. There was no reliance by plaintiffs upon any representation by defendants, but rather only a misinference by plaintiffs drawn from the agent's letter.

ers was not liable to plaintiffs in any sum as there was no misrepresentation by him or his company with regard to the coverage of Michael Radoff.

In appellants' first point of error on appeal complaint is made of the finding that there was consideration for endorsement 119A. The general rule, which is followed in Texas, is that "consideration is necessary for a valid modification of the coverage provisions of an insurance policy, whether the effect of the modification is to extend or limit the risks against which the contract affords protection." Maryland Casualty Co. v. First Nat'l Bank, 82 F.2d 465, 467 (5th Cir. 1936); St. Paul Fire and Marine Ins. Co. v. Dean, 308 F.Supp. 1378, 1382 (D.C.Ark.1970); Travelers Indemnity Co. v. Edwards, 462 S.W.2d 533, 535 (Tex.1970); Massachusetts Bonding & Ins. Co. v. Florence, 216 S.W. 471 (Tex. Civ.App.—El Paso 1919, no writ).

■ However, there was valuable consideration for endorsement 119A. Utica issued the policy of automobile insurance on the representation in the application that only one person under the age of twenty-five, Linda Ruth Radoff, would be driving the insured automobile. Some weeks after the issuance of the policy, Radoff's young son Michael obtained a learner's permit to drive an automobile. The Radoffs reported this to Utica's agent with the request that the policy be so endorsed as to cover Michael. Utica was understandably unwilling to accept Michael as an unrestricted insured under the policy because of his inexperience and his not having a permanent driver's license. Such coverage was accomplished by use of the three endorsements described above: (1) to provide that no student other than Michael and his sister would be covered while driving the car; (2) to add a 2A driver as an insured under the policy; and (3) to require parental accompaniment as an off-

set for the inadequacy of the second endorsement since Michael could not qualify as a 2A driver, not yet having a permanent driver's license. The three endorsements therefore provided coverage for Michael, but only if he was accompanied by one of his parents. The three endorsements must be considered as parts of one transaction to accomplish the desired result of giving Michael insurance coverage without subjecting the insurer to unnecessary risks, or the insured to unnecessary costs.

Appellants argue that, since Michael resided in the same household with his father, who was the named insured, and was using the automobile with his father's consent, he was an additional insured under the so-called omnibus clause.[2] We do not agree with appellants. Utica had a right to rely on Arnold Radoff's representation, in the application for the policy, that the only driver in the household under twenty-five years of age would be his daughter Linda.

We need not determine whether this representation operated as a limitation of coverage, since even if the policy as originally written would have covered Michael, the father properly notified Utica that Michael would be driving the car, in view of the previous representation that Linda would be the only driver under twenty-five years of age. Utica then had the right to cancel the policy if the insured did not accept the additional endorsements and pay the additional premium. Arnold Radoff apparently recognized this right and willingly signed the restrictive endorsement and paid the additional premium. Under these circumstances we hold that no specific threat by Utica to cancel the policy was necessary to establish consideration for the endorsements.

Endorsement 119A does not by its terms apply only to the duration of the learner's permit. Since the endorsement did not

2. The omnibus clause provides that the persons insured are, among others not material here, the following:
    (1) the named insured and any resident of the same household,

(2) any other person using such automobile with the permission of the named insured
    . . . .

otherwise provide, Utica had the right to insist that it remain in effect for the life of the policy. If this was not satisfactory to the appellants, the burden was on them to notify Utica that Michael had acquired his regular driver's license and either negotiate with Utica for elimination of endorsement 119A, or failing that, to cancel the policy entirely.

■ Appellants argue, however, under their second point of error, that the language used by the agent in her letter of August 27, 1970, modified, altered or waived the said requirement of endorsement 119A. The trial court found as a fact that this letter "was not intended by the parties to create, nor did it have the effect of creating, a new contract of insurance or to modify the written endorsements in any manner." The court also found as facts that there was no representation by Utica or its agents that Michael Radoff would have full coverage or that the 119A endorsement would not be effective once he obtained his regular driver's license, and that there was no reliance by the plaintiffs on any representation of Utica or its agents, "but rather only a misinference on the part of plaintiffs" drawn from the letter.

These findings of fact are supported by competent evidence and are, therefore, binding upon this court. City of Garland v. S. H. Lynch & Assoc., 413 S.W.2d 480, 482 (Tex.Civ.App.—Dallas 1967, no writ); Bavousett v. Bradshaw, 332 S.W.2d 155, 159 (Tex.Civ.App.—Amarillo 1959, writ ref'd n. r. e.); Rodriguez v. Garcia, 309 S.W.2d 509, 510 (Tex.Civ.App.—San Antonio 1958, no writ). There is nothing in the letter that was not literally true at the time it was written and sent. It cannot, therefore, be construed as a misrepresentation of fact. It could not be construed as more than an unsolicited and uncompensated comment or opinion of the writer of the letter as to the then-existing effect of the endorsements, which was, upon the very face of the instruments, a matter equally plain and obvious to both Mr. Radoff and the agent who wrote the letter. The Radoffs had no right to rely upon it as a representation of their future rights under the policy.[3]

■ Appellants contend in their fifth point of error that, even if the letter did not have the effect of modifying endorsement 119A, nevertheless the trial court erred in concluding that Utica was not estopped from denying liability under the policy. They say that this letter caused them to take no action to have endorsement 119A removed from the policy when Michael received his regular driver's license, that they relied on this "false representation" and were misled thereby. The only evidence offered in support of this position is the testimony of Arnold Radoff and his wife, both interested witnesses whose testimony, even though uncontradicted, presents only an issue of fact to be determined by the triers of the facts. Owen Development Co. v. Calvert, 157 Tex. 212, 302 S.W.2d 640, 642 (Tex.1957). The trial court determined this issue against appellants and we are not authorized to disturb that conclusion. Moreover, estoppel cannot be predicated upon the argument that one relied to his detriment upon a representation which was not in fact false. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929, 932 (1952); Crown Life Ins. Co. v. Reliable Mach. & Supply Co., 427 S.W.2d 145, 150 (Tex.Civ. App.—Austin 1968, writ ref'd n. r. e.).

■ This analysis also disposes of appellants' fourth point of error, which complains of the finding that they did not rely upon the letter in question. Since there was no falsehood, the questions of reliance and estoppel are immaterial. Part of the sixth point of error also is based upon the contention that the agent, Andrew J. Rogers, was liable on the ground of misrepresentation. A second part of the sixth point of error is based upon grounds not supported by the pleadings.[4] The fourth,

---

3. Emery v. Emery, 75 S.W.2d 725, 730 (Tex.Civ.App.—Dallas 1934, writ dism'd).

4. Appellants argue in their brief that Rogers, or his employee Ms. Jones, breached a duty

fifth and sixth points of error are overruled.

In their third point of error appellants content that endorsement 119A was ambiguous and vague and should be construed in favor of appellants and against the insurer. We agree with the trial court's finding that it was not ambiguous or vague. The language of the contract, including endorsement 119A, being plain and susceptible of only one meaning, is not subject to construction by the courts, but must be enforced as written. Travelers Ins. Co. v. Newsom, 352 S.W.2d 888, 893 (Tex.Civ.App.—Amarillo 1961, writ ref'd n. r. e.). The agent's letter transmitting the endorsements may not be considered as making ambiguous an otherwise unambiguous contract. *See* Grimsley v. Life Ins. Co. of Virginia, 154 S.W.2d 196, 199 (Tex.Civ.App.—Austin 1941, writ ref'd w. o. m.). The third point is overruled.

For the reasons stated, we think the judgment in favor of the defendants was correct.

Affirmed.

to inform appellants that they would have to notify Utica that Michael had become a fully licensed driver in order to get the endorsement cancelled.

We find nothing in appellants' pleading or in the evidence to raise an issue of any such breach of duty on the part of Rogers or his employee. Neither is there any finding of fact thereon, nor a request for such finding. Such an issue cannot be raised for the first time on appeal. State of California Dep't of Mental Hygiene v. Bank of the Southwest National Ass'n, 163 Tex. 314, 354 S.W.2d 576, 581 (1962).