Texas & New Orleans Railway Company v. Charles E. Berry.

Decided December 13, 1902.

**1.—Connecting Carriers—Interstate Shipment.**

The Texas statute regulating the liability of connecting carriers in respect to through shipments in this State is not applicable to an interstate shipment. Rev. Stats., art. 331a.

**2.—Same—Lost Baggage—Liability of Terminal Carrier—Necessary Proof.**

Where baggage of a passenger was to be carried over connecting lines from a point without this State to one within it, and was wholly lost, he could not recover from the last line, in the State, without showing that the baggage came into the possession of such last line, or that there was a joint contract of shipment or partnership between the lines.

**3.—Same—Evidence Not Showing Liability.**

Evidence showing only that the passenger bought from the initial carrier, without this State, a ticket reading over connecting lines to a point in this State, and that the ticket was honored for passage over all the lines to destination, does not suffice to show either an original joint contract or partnership or ratification.

**4.—Same.**

Evidence that the last one of the connecting carriers sent out tracers for plaintiff's baggage did not suffice to show that it was or ever became a party to the original contract.

Appeal from the County Court of Jefferson County. Tried below before Hon. D. P. Wheat.

*Baker, Botts, Baker & Lovett,* and *Watts, Chester & Ellison,* for appellant.

GILL, Associate Justice.—This is a suit for loss of a trunk and contents, and was brought by the appellee against the appellant.

Plaintiff alleged that about October 15, 1901, his wife purchased a railway ticket from the St. Louis & San Francisco Railroad Company at St. Louis, Mo., which ticket entitled her to passage over the last named road; the Gulf, Colorado & Santa Fe Railway; Houston & Texas Central Railway, and appellant's line, to Beaumont, Texas, and to the transportation of her baggage over said lines. That at the time she purchased her ticket she delivered to the St. Louis & San Francisco Railroad the trunk sued for, and received from that company a baggage check therefor reading over the same lines as her ticket. That she came to Beaumont over the lines indicated by her ticket, but that the trunk was lost by some of the lines over which it was routed, and though demanded, has never been delivered to her or to the plaintiff, her husband. The value of the trunk and contents is alleged to have been $500.

Defendant answered by general and special exceptions which were overruled, and answered in bar by general denial. A trial by the court without a jury resulted in a judgment for appellee for $493.60, from which the railway company has appealed.

The evidence adduced shows the purchase of the ticket; the delivery of the trunk; the receipt of the check therefor; the journey of the plaintiff's wife, and the loss of the trunk as alleged by plaintiff, and also establishes the amount of the loss as found by the trial court, but wholly fails to show that the baggage ever came into this State, or into possession of appellant, whose line was the last over which the ticket and baggage check called for transportation. It affirmatively appears that it never came into the possession of appellant. It is stated in the brief of appellant that the judgment of the trial court was rendered on the theory that the case comes within article 331a of the Revised Statutes of Texas. There is no brief for appellee. No findings of fact and conclusions of law were filed by the trial judge, and the judgment does not indicate upon what theory the plaintiff was adjudged entitled to recover.

By the first assignment appellant complains that the judgment is erroneous, because the evidence shows the baggage never came into the possession of defendant, and in the second assigns as a cause for reversal the fact that the shipment was interstate, and in nowise governed by the statutes of this State, and that defendant was not shown to be bound by any contract of the initial carrier at St. Louis, Mo., nor liable for a breach thereof by it or any of the intermediate carriers.

The contention of appellant is that in order for appellee to uphold the judgment in this cause it must appear that he alleged and proved either a partnership or joint undertaking between appellant and the initial and intermediate carriers as to the transportation of the lost baggage, or else that appellant actually received the baggage and failed to deliver it. This, in our opinion, is the law. That this was an interstate shipment can not be successfully questioned. Our statute controlling shipments within the State is in the following terms:

"Art. 331a. All common carriers over whose transportation lines, or parts thereof, any freight, baggage or other property received by either of such carriers for through shipment or transportation by such carriers between points in this State on a contract for through carriage recognized, acquiesced in, or acted upon by such carriers shall, in this State, with respect to the undertaking and matter of such transportation, be considered and construed to be connecting lines, and be deemed and held to be the agents of each other, each the agent of the others, and all the others the agents of each, and shall be deemed and held to be under a contract with each other and with the shipper, owner and consignee of such property for the safe and speedy through transportation thereof from point of shipment to destination; and such contract as to the shipper, owner of consignee of such property shall be deemed and held to be the contract of each of such common carriers; and in any of the courts of this State any through bill of lading, waybill, receipt, check or other instrument issued by either of such carriers, or other proof showing that either of them has received such freight, baggage or other property for such through shipment or trans-

portation, shall constitute prima facie evidence of the subsistence of the relations, duties and liabilities of such carriers as herein defined and prescribed, notwithstanding any stipulations or attempted stipulations to the contrary by such carriers, or either of them."

By its very terms it is inapplicable to the shipment in question, even if it could have been constitutionally made so. It therefore follows that if the judgment rests alone upon the statute, it must be reversed.

Had the loss been only partial it would devolve upon appellants to show that it received the baggage in its damaged condition, even in the present attitude of the case in other respects, but here the loss is total, and it does not appear that appellant ever had possession of the goods. In such case the rule is otherwise unless a joint contract, partnership or ratification is shown. Railway v. Foltze, 3 Texas Civ. App., 644.

It should be stated that it was neither pleaded nor shown that the ticket contained stipulations by the initial carrier limiting liability for loss to damage occurring on its own line and reserving like rights to its connecting carriers. The question remains then, under the facts, whether (if the allegations are sufficient upon the point) a joint contract was shown, or the contract as made was ratified by the last carrier.

The proof is no more than that plaintiff bought a ticket from the initial carrier reading over the lines named, and that such ticket, so far as it called for passage over the last line, was honored by appellant.

This is clearly insufficient to show either an original joint contract or partnership or ratification. This has been so held in this State. Railway v. Baird, 75 Texas, 256; Railway v. Williams, 77 Texas, 121.

Under such a state of facts the initial carrier appears to have undertaken the carriage, and the liability would be prima facie against it, the connecting lines being agencies selected by it for the performance of its contract.

But it is further shown that in addition to honoring its portion of the ticket, the appellant, through its baggage agents, sent out tracers for the lost baggage and otherwise sought to locate it for plaintiff. If no liability existed (and none up to that point was shown), clearly the acts of the baggage agents in searching for the trunk were no more than voluntary acts of courtesy, and are in no sense evidence that appellant was or ever became a party to the original contract. The case of Felder v. Railway (S. C.), 53 Am. Rep., 656, is directly in point upon the whole case under consideration.

There is no basis in the record for the decree, and the facts being undisputed, the judgment is reversed and judgment is here rendered for appellant.

*Reversed and rendered.*