MASSACHUSETTS BONDING & INS. CO. v. FLORENCE. (No. 1022.)

(Court of Civil Appeals of Texas. El Paso. Nov. 13, 1919.)

1. TRIAL ⬳68(1) — TIME FOR OFFERING RELEASE IN EVIDENCE.

In an action on a health insurance policy, based on a disability caused by hernia, wherein defendant set up a release from liability for disability due to such cause, it was error to exclude such release, where through inadvertence it was not formally offered in evidence until the close of the evidence, and this though trial court entertained view that release constituted no defense.

2. INSURANCE ⬳144(1)—CONSIDERATION FOR RELEASE OF DESIGNATED CAUSES OF DISABILITY IN HEALTH POLICY.

Where insurer under a health policy waived its legal right to cancel the policy, upon the execution by insured of a release covering disability caused by hernia, which release became a part of the insurance contract, such waiver constituted a sufficient consideration for the release.

3. INSURANCE ⬳247 — ESTOPPEL TO CANCEL HEALTH INSURANCE POLICY.

Where insured accepted a health policy, reserving to insurer the right to cancel the policy at any time on notice and return of unearned premiums, that insurer had knowledge that insured was ruptured prior to the execution of the policy did not constitute an estoppel on insurer to cancel the policy on that ground.

4. TRIAL ⬳66—DISCRETION OF COURT IN REOPENING CASE.

Generally the question of reopening the evidence after the parties have rested lies in the discretion of the court.

5. INSURANCE ⬳454 — HEALTH INSURANCE; DISABILITY DUE TO AGGRAVATION OF HERNIA.

A health insurance policy, covering disability resulting from illness, embraces disability of an insured who, while suffering from a hernia, accidentally stepped into a hole in the street, displacing the truss, and causing the hernia to come down, whereby he was incapacitated for two months.

Appeal from El Paso County Court at Law; W. P. Brady, Judge.

Action by Elbert H. Florence against the Massachusetts Bonding and Insurance Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

John L. Dyer and C. H. Kirkland, both of El Paso, for appellant.

D. W. Burkhalter and S. J. Dodson, both of El Paso, for appellee.

### Findings of Fact.

HIGGINS, J. On March 12, 1918, appellee, Florence, applied to appellant for a "health policy," and the application signed by him contained a representation that he did not then have and had never had hernia. Upon this application appellant issued its policy, dated May 21, 1918, insuring Florence against "disability resulting from illness which is contracted and begins during the life of this policy, * * *" and providing for a monthly illness indemnity of $70. This policy contained a provision which reads:

"The company may cancel this policy at any time by written notice delivered to the insured or mailed to his last address as shown by the records of the company, together with cash or the company's check for the unearned portion of the premiums actually paid by the in-

sured, and such cancellation shall be without prejudice to any claim originating prior thereto."

Some time prior to the dates mentioned Florence had received from appellant an "accident policy." In appellee's application for the accident policy it was shown that he had a rupture and wore a suspensory. This last-mentioned policy had a rider attached releasing appellant from any liability for disability due wholly or in part to hernia or rupture. As a matter of fact appellee did have hernia, and on August 27, 1918, during the life of both policies, he accidentally stepped into a hole in the street, thereby displacing the truss which he wore, and his hernia came down. As a result thereof he became disabled for a period of two months. Appellant having refused to pay any indemnity for the period of his disability, appellee brought this suit, declaring upon both policies.

In bar of liability upon the accident policy, appellant set up the release attached as a rider to the same and above described. In bar of liability upon the health policy appellant alleged that after the execution of the same the falsity of the representation in the application upon which it was based as to hernia came to its notice, and it thereupon advised appellee that it would cancel the policy, unless he would waive his right to recover thereunder for any illness that he might suffer from hernia or rupture, and on July 20, 1918, appellee executed and delivered a release from all further liability for any disability or loss due wholly or in part to hernia or rupture, and such release became a part of the contract.

By supplemental petition appellee denied under oath the execution of the release dated July 20, 1918; also pleaded in avoidance thereof that it was without consideration; also that appellant was estopped to defend on the ground that his illness and disability was the result of hernia for the reason that at the time the health policy was issued appellant had full knowledge that he was suffering from hernia. A peremptory instruction was given the jury to find in favor of appellee in the sum of $140. Verdict was so returned, and judgment rendered.

## Opinion.

In view of the rider attached to the accident policy, appellee manifestly cannot recover upon that contract, and he does not so contend. His right, if any, depends upon the health policy, and if he in fact gave the release dated July 20, 1918, and the same is supported by a valuable consideration, he cannot recover upon that contract. Appellant's first and third assignments will be considered together.

[1] Under the first assignment it is complained that the court erred in withdrawing from the jury the issue of whether or not the release of July 20th was executed by appellee. Appellee upon the stand denied the genuineness of his signature thereto, but there was ample evidence offered by appellant that it was genuine, and an issue of fact in this respect was raised. It appears that by inadvertence the release was not formally offered in evidence by appellant, but immediately upon the close of the evidence this fact came to the notice of appellant's counsel, and he requested that he be then permitted to formally introduce the same. This the court declined to do, and its action in this respect is the basis of the third assignment.

In so doing the court erred. In justice to the trial court it should be said that his action was not arbitrary but was based upon the view that if, in fact, the release was executed by appellee, it constituted no defense. The release which is copied in the bill of exception recites that in consideration of appellant continuing the health policy in force appellee released appellant from all future liability on account of any disability or loss due wholly or in part to hernia or rupture. We are not advised by the record of the basis of the trial court's opinion that the release, if before the jury, would have constituted no defense; but, looking to the pleas set up in appellee's supplemental petition, we find he pleaded non est factum, want of consideration, and estoppel. As to non est factum, the evidence raised an issue of fact; as to the want of consideration, the health policy contained a clause reserving to appellant the absolute right to cancel the same at any time upon notice and return of unearned premium. Appellant's general agent, Lay, testified that the release was signed and delivered to him by Mr. Florence, and further:

"I absolutely would not have permitted this health policy to have remained in force, without Mr. Florence's signature having been given to this release."

[2] This testimony shows that the consideration for the release was the waiver by appellant of its legal right to cancel the policy, and is a sufficient consideration. 1 Parsons on Cont. 444; Hannay v. Moody, 31 Tex. Civ. App. 88, 71 S. W. 326; Benson v. Phipps, 87 Tex. 578, 29 S. W. 1061, 47 Am. St. Rep. 128.

[3] There is no merit in the plea of estoppel. Appellee accepted a contract reserving to appellant the clear right, at any time, to cancel the policy upon notice and return of unearned premium, and there is not in the contract, nor the circumstances surrounding its execution, anything which would estop appellant from exercising its right of cancellation simply because it may have had previous notice that appellee was suffering from hernia. The right of cancellation was entirely independent of any matter of notice or knowledge of hernia.

[4] For the reasons indicated, the third assignment is sustained. As a general rule the question of reopening the evidence after the parties have rested lies in the discretion of the court; but it appears here that the court based its ruling upon the erroneous view that the release, if executed, constituted no defense. There is thus no question involved as to the exercise of a discretion vested in the lower court; but, if it were, we would not, upon the record here presented, hesitate in holding that there had been an erroneous exercise of discretion in refusing to reopen the evidence and permit appellant to formally introduce the release. An inspection of the statement of facts and bill of exception discloses that under the circumstances the trial court in the exercise of its discretion would not have been warranted in refusing appellant's request. Appellee does not contend that the court properly exercised a discretion vested in it, and we deem it unnecessary to state the condition of the record in respect to this question.

[5] There is no merit in appellant's contention under its second assignment to the effect that appellee's disability was not from illness within the scope of the health policy. Illness embraces a bodily indisposition such as appellee sustained from stepping in the hole, and appellant is liable for the monthly indemnity which it contracted to pay, unless a recovery is precluded by the release of July 20, 1918. As to this release the issue raised by the plea of non est factum should be submitted to the jury.

Reversed and remanded.