Hobart H. KIMBALL, Plaintiff,

v.

Harold B. PRATT and United States of America, Defendants.

UNITED STATES of America

v.

NATIONAL INSURANCE UNDERWRIT-
ERS, Third-Party Defendant.

No. 2230.

United States District Court
W. D. Missouri, S. D.

June 9, 1966.

Stewart, Reid & Turner, Springfield, Mo., for plaintiff.

John L. Kapnistos, Asst. U. S. Atty., Kansas City, Mo., J. Charles Kruse, Dept. of Justice, Washington, D. C., for defendant, United States.

Lilley & Cowan, Springfield, Mo., for third-party defendant.

## OPINION, FINDINGS OF FACT AND CONCLUSIONS OF LAW

COLLINSON, District Judge.

This suit was originally filed by the plaintiff against the defendant Harold B. Pratt in the magistrate court of Greene County, Missouri. The United States of America removed the case to this Court, certifying that the defendant Harold B. Pratt was acting within the scope of his employment as an employee of the United States of America at the time of the alleged accident. The United States was substituted as defendant, without objection in this court.

The United States then filed a third-party complaint against National Insurance Underwriters, third-party defendants, alleging that the third-party defendant had issued an automobile liability insurance policy on the automobile being driven by Harold B. Pratt at the time of the accident, and that the United States of America was an insured within the meaning of that policy and praying judgment against the third-party defendant for all sums, including costs and attorney fees which the United States of America may be called upon to pay or incur as a result of this law suit. For the actual trial of the case the third-party plaintiff and third-party defendant submitted all the issues raised by the third-party complaint upon a stipulation of facts for the Court's consideration. The Court then heard the evidence on the original complaint and makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. The scene of the collision was a T-intersection of a gravel county road approximately twenty-two feet wide running north and south and a dirt country road, or "lane," approximately fourteen feet wide, running east and west and dead-ending at its western terminus in the north and south county road, thus making the T-intersection.

2. On October 19, 1963, the plaintiff was the owner of a 1959 Ford automobile which was being driven south on the gravel county road by his daughter and at the T-intersection was involved in a collision with an automobile being driven by Harold Pratt which was proceeding west on the dirt road, or "lane," and turning right, or north, at its intersection with the county road.

3. That the intersection was practically blind because of brush on the north side of the dirt road which obscured the view of each driver of the other's automobile.

4. That the plaintiff's automobile was being driven on the right-hand, or west side of the north and south highway, and that the defendant's automobile making its right-hand turn crossed the center of the highway and into the west half of the highway striking and damaging the plaintiff's car in so doing.

5. The plaintiff's automobile was damaged in said collision in the amount of $284.41.

6. That plaintiff's minor daughter, who was a passenger in said automobile at the time of the collision, received injuries which required medical treatment in the sum of $85.00, and that plaintiff as her father and natural guardian expended $85.00 for the said treatments.

## CONCLUSIONS OF LAW

1. That the defendant's driver, Harold B. Pratt, was negligent in that he failed to yield the right-of-way to another vehicle which was entering an intersection from his right-hand which was so close to the intersection as the defendant's driver approached the intersection as to constitute an immediate hazard; and that the defendant's driver was additionally negligent in that he failed to drive on the right-hand side of the highway as far as practical, but negligently drove his car on the left-hand side of the highway so as to cause it to strike plaintiff's vehicle.

2. That the aforesaid negligence of the defendant's driver was the direct and proximate cause of the collision and the direct and proximate cause of plaintiff's damages in the two particulars set out in the findings of fact.

3. The plaintiff should have a judgment against the defendant United States of America in the sum of $369.41.

As stated above, the third-party complaint was submitted on a stipulation of facts, and it will be unnecessary for the Court to set out findings of fact in this regard. This stipulation shows that on April 24, 1961, the third-party defendant, hereinafter referred to as the insurance company, issued to Harold B. Pratt a policy of automobile liability insurance. On June 26, 1963, Mr. Pratt received by mail from the insurance company an endorsement to the policy which recited that it was agreed the policy does not apply under its liability coverages to the United States of America or any of its agencies as insureds under the policy. About June 28, 1963, Mr. Pratt bought the car involved in this accident and the insurance company agreed to cover it under the terms and conditions of the existing policy.

It was further stipulated that at the time this endorsement was mailed to Mr. Pratt, the insurance company made no rate reduction nor made a rebate to Mr. Pratt as a consequence of its endorsement which eliminated the United States of America as an insured under the policy. The insurance company was given timely notice of the accident by its insured, and after the original suit was filed in magistrate court the United States made a written demand upon the insurance company to defend this suit, which the insurance company refused to do.

■■ There is no dispute that the law is now well settled that under the provisions of this insurance company's policy, which provides that the word "insured" includes the named insured and also includes any person or organization legally responsible for the use thereof,

provided the actual use of th automobile is by the named insured or with the permission of the named insured, the Government is an insured, unless the endorsement of June 26, 1963, is valid. The Government contends it is invalid, relying upon Wackerle v. Pacific Employers Insurance Company, 219 F. 2d 1, 52 A.L.R.2d 814 (8th Cir. 1955). This case and the cases cited therein unquestionably fully support the contentions of the Government. Without any further discussion of these cases, the Court can only reach one conclusion of law on this aspect of this case, which is that the third-party defendant is liable to the third-party plaintiff for the full amount of the judgment in this case and the costs of this action.