**UNITED STATES of America,**
**Plaintiff,**

v.

**NATIONAL INSURANCE UNDERWRITERS, Defendant.**

**Civ. A. No. 2–65–184.**

United States District Court
D. Minnesota.

Jan. 25, 1967.

Patrick J. Foley, U. S. Atty., Sidney P. Abramson and Stanley H. Green, Asst. U. S. Attys., for the United States.

Iverson, Coulter & Nelson, by Irving C. Iverson, Minneapolis, Minn., for National Ins. Underwriters.

DEVITT, Chief Judge.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This cause having been submitted on the record and briefs of counsel for both parties, and after a study of the stipulated facts, pleadings, other documents on record, and the briefs submitted by counsel of record, all of which have been fully considered, and the Court being fully advised in the premises, hereby makes the following findings of fact and conclusions of law:

*Findings of Fact*

1. This suit arises out of an automobile accident involving a Rural Letter Carrier, LuVerne (in some places spelled LeVerne) G. Nock on November 29, 1963, near New Richland, Minnesota.

2. Prior to November 29, 1963, and for valuable consideration, the Defendant, National Insurance Underwriters, had issued to the Rural Letter Carrier, Mr. Nock, an insurance policy bearing number A97970 E24.

3. The original policy period was May 24, 1963, to November 24, 1963, and the policy had been renewed so as to be in effect on November 29, 1963.

4. The basic policy issued by Defendant, National Insurance Underwriters, to Mr. Nock on May 24, 1963, included the following pertinent provision:

III Definition of Insured. (a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word "insured" includes * * * any person

or organization legally responsible for the use thereof. * * *

5. On or about June 26, 1963, Defendant, National Insurance Underwriters, sent to Mr. Nock an endorsement requesting that Mr. Nock attach it to his policy and sign an acceptance of the endorsement to be returned to the insurance company. This endorsement reads in part as follows:

It is agreed that the policy does not apply under the Liability Coverages to the following as insureds: The United States of America or any of its Agencies.

6. Mr. Nock received the endorsement described in Paragraph 5, but did not sign the acceptance of the endorsement nor did he return the acknowledgment form to the insurance company.

7. At the time it sent Mr. Nock the endorsement in question, the Defendant, National Insurance Underwriters, refunded no part of the premium which had been paid for the May 24—November 24, 1963, policy period.

8. The other parties involved in the accident with Mr. Nock, Bernice M. and Kenneth C. Nelson, R.R. No. 2, New Richland, Minnesota, pursuant to 28 U.S. C. § 2672 filed an administrative claim with the Post Office Department in the amount of $628.20.

9. The Post Office Department made demand upon the Defendant, National Insurance Underwriters, to defend the United States as an "insured" under the policy issued to Mr. Nock, but the Defendant, National Insurance Underwriters, refused coverage upon the basis of the endorsement described in Paragraph 5 above.

10. After the Defendant insurance company refused to accept responsibility for the claim, the Post Office Department adjudicated the Nelsons' claim, determined the claim to be meritorious, and settled the claim for $624.70.

11. The United States and/or Post Office Department of the United States had no knowledge of any policy of liability insurance on LuVerne G. Nock prior to the accident of November 29, 1963.

12. The United States and/or the Post Office Department of the United States had no requirement for and paid nothing to LuVerne G. Nock for the procurement of liability insurance.

13. The premium paid by LuVerne G. Nock for liability insurance to National Insurance Underwriters for insurance effective November 24, 1963, to May 24, 1964, was Class I farm rate less a 10% loss-free savings as filed with the Minnesota Department of Insurance, and not a Class III business use rate.

14. The only issue to be determined is whether the endorsement described in Paragraph 5 above is valid. If the Court determines the endorsement to be valid, the Defendant, National Insurance Underwriters is entitled to a judgment dismissing the Complaint. If the Court determines that the endorsement is not valid, the Plaintiff, United States of America, is entitled to a judgment.

*Conclusions of Law*

1. This Court has jurisdiction of the parties and the subject matter of this suit.

2. A policy of insurance is within the application of the general principles of the law of contracts. Shake, et al. v. Westchester Fire Insurance Company of New York, 158 Minn. 40, 196 N.W. 804 (1924); Bobich v. Oja, 258 Minn. 287, 104 N.W.2d 19 (1960).

3. The modification of an insurance contract requires valuable consideration and mutual assent of both parties to the contract.

4. Merely mailing the exclusion clause to the insured without explanation was not sufficient to effectuate the modification of the insurance contract because this failed to meet the requirement of mutual assent of both parties.

5. Lack of assent was further indicated by the named insured's failure to sign the endorsement and mail it back to the defendant, as the defendant had requested.

■ 6. Where the premium has not been reduced and the intent to cancel is uncommunicated to the named insured, forebearance to cancel cannot be considered adequate consideration. Bassi v. Springfield Fire, etc. Insurance Co., 57 Cal.App. 707, 208 P. 154 (1922); Rice v. Provident Life and Accident Insurance Co., 231 Mo.App. 560, 102 S.W.2d 147 (1937); Wackerle v. Pac. Employers Insurance Co., 219 F.2d 1, 52 A.L.R.2d 814 (C.A.8, 1955); London Clothes v. Maryland Cas. Co., 318 Mass. 692, 63 N.E.2d 577 (1945); Patterson v. Cotton States Mutual Insurance Co., 221 Ga. 878, 148 S.E.2d 320 (1966); United States v. Myers, 363 F.2d 615 (C.A.5, 1966); Engle v. United States, 261 F.Supp. 93, W.D. Ark., decided October 10, 1966, and Kimball v. Pratt, 261 F.Supp. 839, W.D. Mo., decided June 9, 1966.

■ 7. Where there has been no reduction in premium as consideration for the "exclusion" clause that reduces the coverage contracted for in the original policy, the said "exclusion" clause modifying the original policy is invalid for lack of adequate consideration. Bassi v. Springfield Fire, etc. Insurance Co., 57 Cal.App. 707, 208 P. 154 (1922); Rice v. Provident Life and Accident Insurance Co., 231 Mo.App. 560, 102 S.W.2d 147 (1937); Wackerle v. Pac. Employers Insurance Co., 219 F.2d 1 (C.A.8, 1955).

■ 8. Where there was no agreement or recitation in the endorsement modifying the original insurance contract, that would indicate that any sufficient consideration passed to the named insured, the exclusion clause modifying the original policy would be invalid for lack of sufficient consideration.

■ 9. The Court concludes that the attempted "exclusion" clause that would modify the original contract was ineffective, and that at the time of the accident, November 29, 1963, the defendant's insurance policy providing liability coverage for the plaintiff's employee was in effect and included the United States as an "additional insured."

■ 10. The United States qualifies as an additional insured under the postal employee's liability policy and has the rights of a third-party beneficiary because that is the agreement that the parties originally made and until validly modified, the policy as originally issued governs the relations of all interested parties to the contract.

■ 11. Since the "exclusion" clause was ineffective and void, the original policy as renewed from month to month or year to year, as the case may be, will not be affected by this clause. Rice v. Provident Life and Accident Insurance Co., 231 Mo.App. 560, 102 S.W.2d 147 (1937); Wackerle v. Pac. Employers Insurance Co., 219 F.2d 1 (C.A.8, 1955); Engle v. United States v. Southern Farm Bureau Cas. Insurance Co., 261 F.Supp. 93, W.D.Arkansas, decided October 10, 1966.

12. The Court concludes that the plaintiff, United States of America, is entitled to be reimbursed in the sum of $624.70 which it had paid in settlement of the suit against its employee, Lu-Verne G. Nock.

Let judgment be entered accordingly.