Ira P. McBRYDE and Marie McBryde, and Ira P. McBryde, Husband and Next Friend of Marie McBryde, Plaintiffs,

v.

John D. SHERIDAN, Defendant and Cross Defendant.

UNITED STATES of America, Defendant and Third-Party Plaintiff,

v.

SOUTHERN FARM BUREAU CASUAL-TY INSURANCE COMPANY, Third-Party Defendant.

Civ. A. No. 1048.

United States District Court
W. D. Arkansas,
Hot Springs Division.

April 19, 1967.

James C. Cole, Fenton Stanley, Malvern, Ark., for plaintiffs.

Wright, Lindsey & Jennings, Little Rock, Ark., for defendant Sheridan.

Charles M. Conway, U. S. Atty., Fort Smith, Ark., Boyd Tackett, Texarkana, Ark., for Southern Farm Bureau Cas. Ins. Co.

## MEMORANDUM

JOHN E. MILLER, District Court.

This suit was timely commenced in the Circuit Court of Garland County, Arkansas, on October 6, 1966, by plaintiffs, seeking judgment jointly and severally against defendant John D. Sheridan and one Jerry Boles for damages to compensate for personal injuries and property damages sustained on February 9, 1966, proximately caused by the joint negligence of the defendant Sheridan and the said Boles in the operation of their separate automobiles. The cause was removed under the provisions of Public Law 87–258, 75 Stat. 539, (approved

September 21, 1961, effective six months after approval, 28 U.S.C. § 2679) by the United States of America on October 25, 1966, on the ground that Jerry Boles, one of the original defendants, was, at the time of the collision of the automobiles, an employee of the United States, and was acting within the scope of his employment. On October 26, 1966, the United States, by order of the court, was substituted as a defendant in lieu of Jerry Boles. On January 2, 1967, the United States was allowed until February 3, 1967, to file answer or other responsive pleading, at which time answer to the complaint as amended was filed, and a cross claim against the defendant John D. Sheridan was filed.

On February 3, 1967, the United States filed a third-party complaint against Southern Farm Bureau Casualty Insurance Company, in which it was alleged that Jerry Boles "was the owner and the named insured of a policy of insurance, numbered A318,398, issued by the third-party defendant, affording insurance on the vehicle which the said Jerry Boles was operating at the time of the collision which is the subject of this action. Said policy of insurance provides insurance against claim for bodily injury and property damage."

On March 6, 1967, the third-party defendant, Southern Farm Bureau Casualty Insurance Company, filed its motion to dismiss the third-party complaint in which, inter alia, it alleged:

" * * * that an endorsement to the policy was issued by this third party defendant and forwarded to insured Jerry Boles on or about the 5th day of June, 1964, and made a part of the involved liability policy, effective as of the 22nd day of June, 1964, specifically providing that no liability insurance coverage was afforded the United States Government, its agencies, departments or services, subsequent to the 22nd day of June, 1964; that insured Jerry Boles received, accepted and agreed to the terms of the insurance policy endorsement; that there

was ample consideration for the endorsement agreement between the insurance company and the insured to vary the terms of the original insurance contract by the aforementioned endorsement; * * * "

The above excerpts from the third-party complaint and the motion to dismiss succinctly set forth the contentions of the United States and the insurance company. However, in an effort to clarify the issues, the attorneys executed and filed a stipulation in which it was stipulated that prior to January, 1964, the Government employee, Jerry Boles, was insured as alleged in the third-party complaint and as admitted in the motion to dismiss; that the printed copy of a policy and form of "amended declarations" attached to the stipulation are similar to the form issued by the company on December 22, 1963, June 22 and December 22, 1964, June 22 and December 22, 1965.

The copy of the "amended declarations," Exhibit B to the stipulation, does not appear to be relevant to the issues before the court.

Apparently Jerry Boles, the named insured, was insured prior to January, 1964. The record is silent as to when a printed policy was first issued and delivered to Jerry Boles. The policy expired every six months and was renewed by the payment of a premium which kept the policy in force for another six months. The policy that was in force at the time of the collision of the automobiles expired on June 22, 1966, and has not been renewed. The definition of "insured" appearing in the policy is as follows:

"Under Coverages A and B, the unqualified word 'insured' means the named insured and, if the named insured is an individual, his spouse, and also any person while using the automobile and any person or organization legally responsible for its use, provided the actual use of the automobile is by the named insured or spouse or with permission of either."

Paragraphs 2, 3 and 4 of the stipulation are as follows:

"2. With premium notice mailed to Jerry Boles in June, 1964, there was included a card marked 'Endorsement,' copy of which is attached hereto as Exhibit 'C', and which was received by Jerry Boles prior to his payment of premium due June 22, 1964.

"3. There was no reduction in the liability premium paid by Jerry Boles due to the endorsement mailed to him in June of 1964.

"4. Neither party knows of any other papers that could be considered a part of the insurance policy."

Exhibit C to the stipulation, relied upon by the third-party defendant, is as follows:

[Front]

### "ENDORSEMENT

"Subject to all other terms and conditions of the policy to which this endorsement is attached it is understood and agreed by and between the Company and the Named Assured that

"In consideration of the premium at which this policy is written, no coverage is afforded the United States Government or any of its Agencies, Departments, or Services.

"Nothing herein contained shall alter, vary, waive or extend any provision or condition of the policy except as herein provided. Attached to and forming part of the policy for which this premium notice applies.

"Effective date of this endorsement January 1, 1964.

- - - - - -

[Back]

"Dear Policyholder:

"The Federal Tort Claims Act (Public Law 87–258) effective March 21, 1962, briefly provides that the Government shall be exclusively liable for automobile accidents, if the automobile is on government business at the time of the accident.

"In order to eliminate any duplication of coverage, or confusion in the handling of losses under our policies, we have endorsed your policy to exclude protection for the Government, or any of its agencies.

"This endorsement does not reduce the protection afforded to you as our policyholder.

/s/ Robert W. Owens
    Robert W. Owens
      Manager."

. . . . . .

The endorsement was prepared sometime in December 1963 and mailed to Jerry Boles in June 1964 along with notice of premium that was due June 22, 1964. The record does not establish that a similar endorsement was mailed to Jerry Boles when he paid the renewal premiums of December 22, 1964, June 22 and December 22, 1965, but it was stipulated: "There was no reduction in the liability premium paid by Jerry Boles due to the endorsement mailed to him in June of 1964."

There is no dispute that the law is well settled that under the provisions of the policy issued by the third-party defendant that the United States is an insured unless the endorsement is valid, and the court is of the opinion that the endorsement is void for want of consideration. Wackerle v. Pacific Employers Ins. Co., (8 Cir. 1955) 219 F.2d 1; Engle v. United States (W.D.Ark.1966) 261 F.Supp. 93; Kimball v. Pratt, (W.D.Mo.1966) 261 F.Supp. 839.

Therefore, an order is being entered today denying the motion of Southern Farm Bureau Casualty Insurance Company to dismiss the third-party complaint of the United States.