**SOUTHERN FARM BUREAU CASUAL-
TY INSURANCE COMPANY,**
Appellant,

v.

**UNITED STATES of America,**
Appellee.

**No. 19018.**

United States Court of Appeals
Eighth Circuit.

May 22, 1968.

---

Boyd Tackett, of Shaver, Tackett & Jones, Texarkana, Ark., for appellant.

Robert E. Johnson, Asst. U. S. Atty., Fort Smith, Ark., for appellee; Charles M. Conway, U. S. Atty., on the brief.

Before MEHAFFY, GIBSON and HEANEY, Circuit Judges.

FLOYD R. GIBSON, Circuit Judge.

Southern Farm Bureau Casualty Insurance Company (Southern), a third-party defendant below, appeals from a judgment entered in favor of the United States of America as a third-party plaintiff in a negligence action originally instituted against Jerry Boles, a rural mail carrier, and others. Boles was an assured of Southern under a liability policy. The liability policy contained the usual omnibus coverage clause, which Southern attempted to qualify and restrict by excluding the United States as an omnibus insured.

Boles, while in the course of his duties as a mail carrier on February 9, 1966, was involved in an automobile collision. A suit was filed in the State court against Boles and another defendant on October 6, 1966. The United States filed a petition for removal of this cause to the United States District Court for the Western District of Arkansas, pursuant to 28 U.S.C. § 2679(d), admitting that Boles was acting within the scope of his employment as an employee of the United States and requesting in accordance with the statute that the United States be substituted as a defendant in the place of Boles. See 28 U.S.C. § 1346(b), § 2679(b) and (d). The petition for removal and request for substitution was granted. On February 3, 1967 the United States sought to implead Southern as a third-party defendant under Rule 14, Fed.R.Civ.P. Southern moved to dismiss the third party complaint on the grounds that the policy in question afforded no liability coverage to the United States and that the complaint was premature. This motion was overruled. The Court subsequently heard the case and awarded a judgment in the amount of $93,998.38, of which Southern's part was $20,645.[1]

The liability policy in question was issued December 22, 1963 for a six-month period with provisions for renewal at six-month intervals. The policy at time of issue contained the usual omnibus clause extending coverage to anyone responsible for the operation of the vehicle. An endorsement was issued by Southern and delivered to the assured, Boles, on or about the 5th day of June, 1964, seeking to exclude the United States of America from any coverage on the policy as of January 1, 1964.[2]

---

1. This amount was later reduced to $13,-426.17 by reason of the policy limitations, and subsequent developments.

2. The endorsement read as follows:
   "Subject to all other terms and conditions of the policy to which this endorsement is attached it is understood and agreed by and between the Company and the Named Assured that
   'In consideration of the premium at which this policy is written, no coverage is afforded the United States Government or any of its Agencies, Departments, or Services.'
   "Nothing herein contained shall alter, vary, waive, or extend any provision

This policy was subsequently renewed on June 22, 1964 at the same premium and further renewed at six-month intervals so as to be in force at the time of the collision on February 9, 1966. The endorsement was transmitted to Boles with an explanatory letter.[3]

The District Court (The Honorable John E. Miller) in a Memorandum Opinion, McBryde v. Sheridan, 266 F.Supp. 314 (W.D.Ark.1967), held that the endorsement withdrawing coverage for the United States was void for want of consideration, citing Wackerle v. Pacific Employers Insurance Company, 219 F.2d 1 (8 Cir. 1955), cert. denied 349 U.S. 955, 75 S.Ct. 884, 99 L.Ed. 1279; Engle v. United States, 261 F.Supp. 93 (W.D.Ark. 1966); and Kimball v. Pratt, 261 F.Supp. 839 (W.D.Mo.1966).

■ Southern seeks outright reversal of the judgment against it on the basis (1) that the United States was not a proper party to bring an action under the insurance policy (for lack of privity) and (2) that the District Court erred in finding an insufficient consideration for the reduction of coverage. The substantive law of Arkansas applies. Wackerle v. Pacific Employers Insurance Company, supra; Mutual Ben. Health & Accident Ass'n v. Cohen, 194 F.2d 232, 239, 241 (8 Cir. 1952), cert. denied 343 U.S. 965, 72 S.Ct. 1059, 96 L.Ed. 1362.

For its first contention Southern argues that the United States is not a true beneficiary, but only an incidental beneficiary at best. It relies on Gravelle Const. Co. v. Board of Com'rs of Main-

tenance Dist. No. 1, etc., 82 F.2d 391 (8 Cir. 1936) where this Court said at 393:

"The Arkansas decisions seem to follow the general rule that it is not sufficient that a third party might be benefited by a contract to which it is not a party, but it must be shown that the motive or purpose of such contract was to benefit the third party—in short, that the contract was really entered into for the benefit of such third party." (Citations omitted).

And an earlier Arkansas case, Carolus v. Arkansas Light & Power Co., 164 Ark. 507, 262 S.W. 330 (1924) held where there is no evidence of an intended benefit to a third party, not a party to the contract, such party was not a beneficiary of the contract, nor a proper party to an action for breach of the contract. But, in viewing the general law, the *Carolus* case at 332 of 262 S.W. said:

"Where, from the language of the contract itself or the testimony aliunde, it could be said that it was the intention of the parties to the contract to confer a direct benefit upon a third person, then such person may sue on the contract. It is not necessary that the person be named in the contract, if he is otherwise sufficiently described or designated; he may be one of a class of persons, if the class is sufficiently described or designated."

■ Southern points out that under Arkansas law the parties may contract to anything they desire, absent a public policy to the contrary, citing Dickinson v. Burr, 7 Ark. 34 and Hearshy v. Hichox,

---

or condition of the policy except as herein provided. Attached to and forming part of the policy for which this premium notice applies.

"Effective date of this endorsement January 1, 1964."
(Signatures omitted)

3. The letter read as follows:
"Dear Policyholder:
"The Federal Tort Claims Act (Public Law 87-258) effective March 21, 1962 briefly provides that the Government shall be exclusively liable for au-

tomobile accidents, if the automobile is on government business at the time of the accident.

"In order to eliminate any duplication of coverage, or confusion in the handling of losses under our policies, we have endorsed your policy to exclude protection for the Government, or any of its agencies.

"This endorsement does not reduce the protection afforded to you as our policyholder."
(Signatures omitted)

12 Ark. 125; and under McKinnon v. Southern Farm Bureau Casualty Insurance Co., 232 Ark. 282, 335 S.W.2d 709 (1960) and State Farm Mut. Automobile Ins. Co. v. Belshe, 195 Ark. 460, 112 S.W.2d 954 (1938), the parties can make any contract of insurance not prohibited by law. We agree with these principles and the statement in *Belshe,* supra, at 956 of 112 S.W.2d:

"* * * the insurance company may make use of such language as it may please to express the conditions upon which it is willing to issue its policy. The insured by acceptance approves such policy with all the conditions therein contained, so long as they are reasonable and not contrary to public policy."

But we do not think these cases are dispositive. Southern also sugests lack of privity. These earlier cases discuss privity or the lack of it but turn on the factual issue of whether the parties actually intended to confer a contract right upon a third-party beneficiary. Where a contract clearly intends a benefit to a third party, privity is not required, and the third party acquires an enforceable right. In Acme Brick Co. v. Hamilton, 218 Ark. 742, 238 S.W.2d 658 (1951), the Court held that a third-party beneficiary may sue for the breach of a promise and approved the language of Freer v. J. G. Putman Funeral Home, 195 Ark. 307, 111 S.W.2d 463 (1937) where that Court stated in discussing the issue of privity at 465:

"We find that formerly under some of the more ancient authorities that proposition [privity] might have been deemed as well considered. We prefer, however, to take a different view, which we think is more consonant with absolute justice, as well as in conformity with the contract."

To the same effect is Green v. Whitney, 215 Ark. 257, 220 S.W.2d 119 (1949). An earlier holding in Southern Surety Co. v. Phillips, 181 Ark. 14, 24 S.W.2d 870 (1930) reviews the prior Arkansas cases and cites the following paragraph from Thomas Mfg. Co. v. Prather, 65 Ark. 27, 44 S.W. 218 (1898), 218:

"This court long ago ruled, in line with the doctrine which generally obtains in this country, that where a promise is made to one upon a sufficient consideration, for the benefit of another, the beneficiary may sue the promisor for a breach of his promise. * * * 'Of course, the name of the person to be benefited by the contract need not be given, if he is otherwise sufficiently described or designated. Indeed, he may be one of a class of persons, if the class is sufficiently described or designated.' "

It thus appears clear under the Arkansas decisions that a contract supported by a valid consideration for the benefit of a third party confers a right of action upon the third-party beneficiary.

■ Without reaching as yet the question of whether the limiting rider excluding the United States as an omnibus insured had been effectively incorporated in the insurance policy, we must hold both as a procedural matter and as a matter of substantive law that the United States as a third-party plaintiff had the right to implead Southern as a third-party defendant under Rule 14, Fed. R.Civ.P. as a party "who is or may be liable * * * for all or part of the plaintiff's claim against" it. This procedural practice has been consistently approved in all of the reported appellate decisions; and most of the reported decisions, trial and appellate, have allowed the United States to recover as a third-party plaintiff under clauses in a government employee's policy insuring "any other person or organization legally responsible for [the insured automobile's] use." United States v. Myers, 363 F.2d 615 (5 Cir. 1966) contains an exhaustive review of the reported cases on this precise issue. In holding that the United States may qualify as an additional "insured" under the clause "person or organization legally responsible for the

use" of the insured automobile, the *Myers* case categorically declares at p. 618 of 363 F.2d:

> " * * * [A]n unbroken line of cases, presenting this very question and involving the same or very similar contract language, has definitively answered the question in favor of the United States.[1]" (f.n. 1 lists 13 reported cases).

■ This brings us then to the proper interpretation to be accorded the limiting endorsement excluding the United States as an assured under the policy. The language of the endorsement is clear and unambiguous and should be given recognition if the endorsement has been effectively made a part of the insurance policy. The United States in oral argument recognized that Southern and in fact any insurance company could have written a policy excluding the United States as an omnibus insured. Further recognition of this fact is stated in footnote 4 of the *Myers* case at p. 619 setting forth the Government's views in that case, where it is stated in pertinent part:

> " * * * [T]here can be no question that, while it [the policy] could have been written to exclude the United States from coverage, the omnibus clause in the present policy was drafted so as plainly to include the United States."

There are no reported Arkansas decisions on this precise point. Judge Miller's ruling was in major part based on Wackerle v. Pacific Employers Insurance Company, 219 F.2d 1 (8 Cir. 1955), cert. denied 349 U.S. 955, 75 S.Ct. 884, 99 L. Ed. 1279. In *Wackerle*, this Court construing Missouri law, in a divided opinion, refused to give effect to a limiting endorsement excluding the insured's son from coverage under the policy, stating at 5 of 219 F.2d:

> "Since the policy as originally written provided for coverage when the insured automobile was being driven by Donald Wymer, this valuable right could not be taken away from the in-

sured by mutual consent alone unsupported by consideration."

In *Wackerle*, the limiting endorsement was offered and agreed to during the period on which the premium had been paid and the policy was in fact renewed during this period by an increase in premium caused by a change in vehicles.

Our present factual situation is, therefore, covered by the *Wackerle* case, unless it can be said that the law of Arkansas, with no reported cases, is contrary to such holding. *Wackerle* is reported in 52 A.L.R.2d 814 and is annotated at 826. In discussing the necessity of consideration, the annotation at 827 reads:

> "The small number of cases touching upon this issue are agreed on the first aspect of the question; it is uniformly held, at least in the absence of facts showing an estoppel, that consideration is necessary for the valid modification of the coverage provisions of an insurance policy, whether the effect of the modification is to extend or limit the risks against which the insurance affords protection."

We recognize that the cases of Stanfield v. W. C. McBride, Inc., 149 Kan. 567, 88 P.2d 1002 (1939) and Employers Mut. Casualty Co. v. American Automobile Ins. Co., 131 F.2d 802 (10 Cir. 1942), cert. denied 318 U.S. 773–774, 63 S.Ct. 771, 87 L.Ed. 1143 support Southern's contention that the insurer and the insured may modify or change the insurance contract regardless of the effect on a third-party beneficiary where the position of the third party was in no way changed by reliance on the contract. These cases arose out of the same factual situation. They were considered in *Wackerle* and apparently thought to be only declaratory of the Kansas law.

■ We think a limiting endorsement must be supported by consideration; and on the record in this case find there is a lack of consideration. There was no reduction in premium and no effort was made to cancel the policy or write a new policy. Most insurance companies

in policies of this type reserve a right to cancel upon certain notice, as did the policy in question. Does the forbearance of this right to cancel constitute a sufficient consideration for a limiting endorsement? In cases where the insurance company has asserted its intentions to cancel, unless its risk is limited, the courts in Federal Life & Casualty Co. v. Robinson, 28 Ala.App. 1, 178 So. 549 (1937), aff'd 235 Ala. 308, 178 So. 551 (1938), and Massachusetts Bonding & Ins. Co. v. Florence, 216 S.W. 471 (Tex. Civ.App.1919) recognized that an agreement not to cancel a cancelable insurance policy is sufficient consideration for a limiting endorsement. But the *Wackerle* case, supra, and Rice v. Provident Life & Accident Ins. Co., 231 Mo.App. 560, 102 S.W.2d 147 (1937), appear to hold to the contrary. Conceivably under a factual situation where an insurance company intends to cancel a policy because of increased exposure for any reason and clearly would have canceled unless an increased premium were paid or a limiting endorsement accepted, the relinquishment of the right to cancel would support either an increased premium or a limiting endorsement reducing the risk. But mere forbearance in exercising a right to cancel is not sufficient consideration—this always could be used as an after-the-fact consideration when a loss occurred. If the insurance company desires to cancel, it should so state in clear terms and proceed accordingly.

The record here is barren of any evidence that Southern intended to exercise its right of cancellation. In Federal Life & Casualty Co. v. Robinson, supra, the endorsement policy rider stated that the consideration for excluding certain risks was the continuation of the policy, and in Massachusetts Bonding & Ins. Co. v. Florence, supra, the insured executed an instrument releasing the company from liability for disability due to hernia or rupture in consideration of the company continuing the health policy. Here the limiting endorsement itself recites "in consideration of the premium at which this policy is written." This premium had already been paid and thus could not serve as consideration for a contract which had previously been agreed to and accepted. There was no consideration for the limiting endorsement at the time it was issued and transmitted to Boles.

A more troublesome question is whether the renewal, supported by a current premium, is effective to incorporate the void limiting endorsement into the policy. The insurance company clearly could cancel the policy upon proper notice and could if desired offer a different policy to the assured, who would be free to accept or reject the proffered policy; or the company could refuse to renew except upon altered terms and conditions. The company is not locked in for an extended period of time or *ad infinitum* so to speak in its contract obligations if proper steps are taken to make a new or altered contract with its assured.

Here, however, the limiting endorsement being void when issued remained void on subsequent renewals. The amended declaration which effectuates the renewal recites it is "subject to all other terms and conditions of the policy." Even absent this recital the law would presume that the terms and conditions of the prior policy remain in force upon renewal. As stated in Aetna Ins. Co. v. Short, 124 Ark. 505, 187 S.W. 657, 659 (1916) "A renewal of a policy is, unless otherwise expressed, on the same terms and conditions as were contained in the original policy. King v. Cox, 63 Ark. 204, 37 S.W. 877."

This rationale is in accord with the holding in *Wackerle*, supra, which in discussing the renewal problem cites with approval the case of Rice v. Provident Life & Accident Ins. Co., 231 Mo.App. 560, 102 S.W.2d 147 (1937), where a health and accident policy renewable from month to month by payment of a monthly premium had a rider issued by the insurance company relieving it of liability for disability caused by rheuma-

tism. The rider was held void for lack of consideration. The Missouri Court reasoned at 151 of 102 S.W.2d:

" * * * While the renewal of an insurance policy constitutes a separate and distinct contract for the period of time covered by the renewal, it is nevertheless a contract with the same terms and conditions as those contained in the policy which is renewed. (Citations omitted)

* * * * * *

" * * * The rider itself recites that it is subject otherwise to all conditions, agreements, and limitations of the policy as written except as in itself is specifically provided. It is true that those who make a contract may unmake it or substitute another, either wholly or partially inconsistent; but the validity of the substituted contract must be determined, like that of any other, in the light of the situation existing at the hour of its making. If valid, then it will supersede or modify the first to the extent that the two will be unable to stand together. (Citations omitted).

* * * * * *

" * * * [T]he rider in question was at the time that it was executed void for the reason that no consideration at such time existed therefor; and, being inconsistent with and repugnant to the provisions of the original policy, it cannot stand. The original policy as continued from month to month or as renewed from month to month was unaffected by such rider."

To like effect is the statement in 29 Am. Jur., Insurance, § 336, p. 700:

"It is uniformly held, at least in the absence of facts showing an estoppel that consideration is necessary for the valid modification of the coverage provisions of an insurance policy * * *. *A defect in the modification of an insurance policy, resulting from the lack of a consideration therefor, is not obviated by a renewal of the policy after the modification.*" (Emphasis supplied.)

Because of policy limitations and subsequent payments made by a joint tortfeasor, as set forth in the Government's brief, the judgment is reduced to $13,426.17; and the judgment, as reduced, is affirmed.