The TRAVELERS INDEMNITY COMPANY
et al., Petitioners,

v.

W. T. EDWARDS, Jr. et al., Respondents.

No. B–2075.

Supreme Court of Texas.

Nov. 25, 1970.

Turpin, Smith, Dyer, Hardie & Harman, Max N. Osborn, Stubbeman, McRae, Sealy, Laughlin & Browder, Charles Tighe and James G. Noland, Midland, for petitioners.

Shafer, Gilliland, Davis, Bunton & McCollum, W. O. Shafer and Ray Stoker, Jr., Odessa, for respondents.

HAMILTON, Justice.

This is a suit by William T. Edwards, Jr. and William T. Edwards, III, plaintiffs-respondents, as third party beneficiaries to enforce contracts of insurance written by

defendants-petitioners Travelers Indemnity Company and Mission Insurance Company. The case was tried before a court without a jury on stipulated facts. The trial court rendered judgment against the defendants for amounts paid by plaintiffs in settlement of claims made against William T. Edwards, III, for damages resulting from an automobile collision. Affirming, the El Paso Court of Civil Appeals reformed the amount of the judgment, taxing interest against Travelers Indemnity Company on the entire judgment from the date of the judgment in the trial court. 451 S.W.2d 313. We affirm the Court of Civil Appeals judgment against defendants for the amount there rendered but reform the judgment as to the liability for interest.

Defendants sold automobile liability insurance policies to Norman E. McVean, a student at Southern Methodist University. Travelers, in a standard Texas family automobile policy, provided coverage for bodily injury liability limited to the sum of $25,000 per person in any one accident and $50,000 total for any one accident. Property damage liability was limited to $10,000. Mission's policy was written to indemnify the insured in accordance with the insuring agreements of the Travelers policy and to cover losses in excess of those covered by Travelers up to $75,000 per person and $250,000 for one accident.

The policies were issued on July 28, 1965, and soon thereafter Travelers wired the selling agent requesting that he have Norman McVean sign a Student Restrictive Endorsement form. The purpose of this endorsement was to exclude any student as an insured except Norman McVean. Travelers made the request three times and finally the agent informed Travelers that the forms would be signed when Norman was home for the Thanksgiving holidays. Norman was away at school and the agent was acting on the promise of L. T. Miller, an officer in a company owned by Norman's father. Norman returned to his home in Odessa during the Thanksgiving holidays and signed the forms. L. T. Miller

wrote the agent a letter purporting to enclose the signed forms but in fact he failed to include them.

Norman McVean was killed on December 17, 1965, when his car, driven by William T. Edwards, III, a fellow student, collided with a vehicle being driven by Mrs. Ruth Wilson. After the accident the Student Restrictive Forms were picked up by the Travelers agent from L. T. Miller's office where they had remained since they had been signed.

Claims against Edwards arising out of the accident were settled with the claimants in amounts of $100,000 for the injuries to Mrs. Ruth Wilson, $10,000 for the death of a minor child, Mary Jane Wilson, $3,000 for the death of Mrs. O. L. Stamps, and $1,297.50 for property damage to the Wilson automobile.

Edwards has brought this action against Travelers and Mission contending that he is an omnibus insured under the McVean policy since he was driving the car "with the permission of the named insured," Norman McVean. Travelers and Mission contend that their liability is precluded by the Student Restrictive Endorsement. Edwards contends the endorsement failed for want of consideration.

The parties stipulated that no money was paid to Norman McVean when he signed the endorsement and that the premium was the same as it would have been had the endorsement been attached when the policy was issued. Travelers claimed that it was not the normal practice to issue policies covering student operators without requiring the Student Restrictive Endorsements as part of the policies but Edwards reserved the right to object to the Court's consideration of this contention. A provision in the policy preserved the right of cancellation by the insurer after notice to the policyholder.

The entire premium for the original policy was paid in advance. The Student Restrictive Endorsement was a subsequent limitation of the completed contract provi-

sions in the policy, and as such should have been supported by additional consideration. American Nat. Ins. Co. v. Teague, 237 S.W. 248 (Tex. Comm. App. 1922, opinion adopted); Wackerle v. Pacific Employer's Ins. Co., 219 F.2d 1 (8th Cir.), cert. denied, 349 U.S. 955, 75 S.Ct. 884, 99 L.Ed. 1279 (1955); Annot., 52 A.L.R.2d 826 (1957).

■ Petitioners contend that Travelers' forbearance to exercise the right of cancellation was consideration for the endorsement. Waiving the cancellation right has been held to be sufficient consideration for this type of policy alteration. See Massachusetts Bonding & Ins. Co. v. Florence, 216 S.W. 471 (Tex.Civ.App.—El Paso 1919, no writ). We agree that forbearance can be sufficient consideration as a general rule of law but we can not let the rule control a case without some related evidence to bring the rule into play. There is no evidence of forbearance in this case. All communications regarding the Student Restrictive Endorsement forms are contained in the Transcript. In none is there the slightest hint that cancellation of the policy might result from failure to sign the forms. The evidence only shows that Travelers made repeated attempts for four months to obtain the signed forms, but there is no evidence to show that they had determined to cancel Norman McVean's policy if he did not sign. On the basis of this record we are unable to hold that Travelers refrained from exercising its cancellation right in consideration for the insured's signing the restriction.

■ Petitioners also contend that the original policy premium was consideration for the endorsement. Paragraph I of the Form 208, Student Restrictive Endorsement states:

1. In consideration of the premium at which this policy is written, it is agreed that no insurance is afforded under this policy to any student other than the one named below.

As we read the above it shows on its face that there was no *additional* consideration for the endorsement. Similar recitals of consideration have been held ineffective in Southern Farm Bureau Casualty Ins. Co. v. United States, 395 F.2d 176 (8th Cir. 1968) and Wackerle v. Pacific Employer's Ins. Co., *supra*. With no consideration to support the Student Restrictive Endorsement the attempted modification of the policy was ineffective. William T. Edwards, III, was an insured under the policy and petitioners are liable on the judgment entered below.

The courts below rendered judgment based on the settlements and ordered that plaintiffs recover $39,297.50 from Travelers Indemnity Company and $75,000.00 from Mission Insurance Company. In reforming the trial court judgment the Court of Civil Appeals ruled that Travelers owes interest on the combined obligation of both companies under the "Supplementary Payments" clause in its policy, citing Plasky v. Gulf Insurance Co., 160 Tex. 612, 335 S.W.2d 581 (1960), and Baucum v. Great American Ins. Co., of New York, 370 S.W.2d 863 (Tex.Sup. 1963). In both of those cases there were judgments against the insureds. Therein lies the distinguishing element which reveals the error of the Court of Civil Appeals.

■ Under "Part I—Liability" Travelers promised to *"defend any suit"* against the *insured* or in the alternative, after investigation, make "settlement of any claim or *suit* as it deems expedient." The "Supplementary Payments" cause further promises:

To pay, in addition to the applicable limits of liability:

(a) all expenses incurred by the company, all costs taxed against the insured in any *such suit* and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and be-

**536**

fore the company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the company's liability thereon; * * * [All emphasis ours.]

"Such suit" in the above quoted clause refers to any suit against an insured and the clause goes on to obligate the insurer to pay costs and interest on a judgment against the insured. This record does not indicate that any judgment was entered against an insured. Edwards, the insured here, has settled the claims in his behalf. The only law suit involved is Edwards against the *insurers*. The only judgment involved is against Travelers and Mission. As we read the policies, if these settlements were reduced to judgments against Edwards, Travelers would owe interest on the entire $114,297.50 until the company had paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the company's liability thereon. See Home Indemnity Co. v. Muncy, 449 S.W.2d 312 (Tex.Civ.App.—Tyler 1969, writ ref'd, n. r. e.). Since the insured has settled and no showing has been made that the settlements were reduced to judgment, Travelers owes him nothing under the Supplementary Payments Clause. Therefore, it was error to hold that Travelers owes interest on the entire judgment.

We do uphold the assessment against Travelers of interest on the amount of the judgment against it. Vernon's Ann. Tex.Rev.Civ.Stat. art. 5072 (1962), states that all judgments in this State shall bear interest at the rate of six per cent per annum from and after the date of the judgment. A judgment of $39,297.50 has been rendered against insurer Travelers Indemnity Company and the statutory interest on that judgment runs from March 20, 1969, the date of the trial court judgment.

No question of pre-judgment interest as damages is before this Court nor has Edwards complained of the Court of Civil Appeals' holding "awarding no interest from and after date of judgment against Mission." 451 S.W.2d at 318.

The judgment of the Court of Civil Appeals will be reformed in accordance with this opinion and as so reformed is affirmed. One-third of the cost of the appeal herein shall be taxed against petitioner Travelers Indemnity Company, one-third against petitioner Mission Insurance Company and one-third against respondents.