Deborah Davis WOLD, Administrator of the Estate of David D. Davis, Deceased *v.* LIFE INSURANCE COMPANY OF ARKANSAS

CA 87-294 749 S.W.2d 346

Court of Appeals of Arkansas
Division II
Opinion delivered May 11, 1988
[Rehearing denied June 8, 1988.]

*Brockmann & Norton*, for appellant.

*Davidson, Horne & Hollingsworth, A Professional Association*, by: *Allan W. Horne* and *Chet Roberts*, for appellee.

JAMES R. COOPER, Judge. In her capacity as administrator of the estate of David D. Davis, the appellant in this civil case brought an action against the appellee for death benefits under a group life insurance policy issued by the appellee. After a jury trial, the trial judge granted the appellee's motion for a directed verdict. From that decision, comes this appeal.

For reversal, the appellant contends that a directed verdict was improper because there existed questions of material fact for the jury to decide. We agree, and we reverse.

The record shows that the decedent was the owner of John Noah's Restaurant. In 1982, he procured from the appellee a group life insurance policy providing coverage for himself and his employees. Under the terms of the group policy as issued in March 1982, the benefit payable for loss of life was $10,000.00 for insureds less than sixty-five years of age; for insureds between the ages of sixty-five and seventy, the death benefit was reduced to $5,000.00. The decedent attained age sixty-five on January 7, 1985, and died on June 2, 1985, at the approximate age of sixty-five and one-half years.

On September 27, 1982, a "renewability endorsement" was · executed, providing that the policyholder could, at his option, renew the policy at the conclusion of each year of coverage by paying the renewal premiums. The appellee retained the right to discontinue the policy upon the occurrence of specified events, but was required to give the policyholder written notice of the date upon which discontinuance would become effective.

On March 1, 1985, an amendment was attached to the policy providing that life insurance benefits would terminate at age sixty-five rather than at age seventy as stated in the policy issued in March 1982. The decedent was already over sixty-five at the time of the amendment; however, his name continued to appear

on premium notices, and premiums were paid until his death the following June. The plaintiff subsequently filed a claim for death benefits which was denied by the appellee on the basis of the March 1985 amendment.

The appellant contends that the directed verdict was improper because the March 1985 amendment was void for lack of consideration, and that material issues of fact concerning coverage under the original provisions of the insurance policy remained for the jury to determine. We agree.

It is generally held that a limiting endorsement to an existing contract of insurance must be supported by consideration. *See Southern Farm Bureau Casualty Insurance Co.* v. *United States*, 395 F.2d 176 (8th Cir. 1968); *McBride* v. *Sheridan*, 266 F. Supp. 314 (W.D. Ark. 1967); M. Rhodes, 1 *Couch on Insurance 2d* § 4:26 (Rev. ed. 1984); Annotation, *Consideration for Rider, Indorsement, or Other Modification of Insurance Policy to Change Risks Covered*, 52 A.L.R. 2d 826 (1957). At trial there was evidence that the appellee would have cancelled the policy had the decedent failed to agree to the endorsement terminating coverage at age sixty-five. There was also testimony showing that the appellee's intent to cancel under such circumstances was not expressed to the policyholder, and that no notice of cancellation was delivered. The issue before us, therefore, is whether the insurer's forbearance from cancelling the policy was sufficient consideration for the limiting endorsement where the insurer's intent to otherwise cancel was not expressed.

Some courts have held that an uncommunicated intent to cancel upon the policyholder's refusal of a limiting endorsement constitutes adequate consideration for the endorsement. *See, e.g., United States Fidelity and Guaranty Co.* v. *Mathis*, 236 So. 2d 730 (Miss. 1970). However, we think the better rule is that the insurer's intent to cancel must be communicated in order for forbearance from exercising a right of cancellation to provide consideration for a limiting endorsement. The reasoning behind this rule was expressed by the Eighth Circuit in *Southern Farm Bureau Casualty Insurance Co.* v. *United States, supra*, a case applying Arkansas law:

[M]ere forbearance in exercising a right to cancel is not

sufficient consideration—this always could be used as an after-the-fact consideration when a loss occurred. If the insurance company desires to cancel, it should so state in clear terms and proceed accordingly.

395 F.2d at 181. *See also, United States* v. *National Insurance Underwriter's,* 266 F. Supp. 636 (D. Minn. 1967).

We hold that under the evidence presented in this case, the March 1985 amendment was void for want of consideration and the original terms of the policy remained in force upon renewal, *see Southern Farm Bureau, supra; Aetna Insurance Co.* v. *Short,* 124 Ark. 505, 187 S.W. 657 (1916). Therefore, the trial court erred in directing a verdict in favor of the appellee.

Reversed and remanded.

COULSON and MAYFIELD, JJ., agree.